**Anthony SESSION, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–98–00109–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Sept. 10, 1998.

Decided Sept. 11, 1998.

R.D. Rucker, Dallas, for appellant.

Sue Korioth, Assistant District Attorney, Dallas, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

Anthony Session appeals from the revocation of his deferred adjudication. In the underlying case, he pled nolo contendere to aggravated sexual assault on a child under fourteen years of age. The court heard the evidence and placed Session on deferred adjudication for ten years and fined him $500. Four months later, the State filed a motion to proceed with adjudication. On April 24, 1998, Session was found guilty, and the trial court assessed punishment at five years' imprisonment.

Session contends that his plea of nolo contendere at the underlying trial and his plea of true at the revocation hearing were both involuntary. Insofar as his argument applies to the court's ruling granting deferred adjudication, the contention is brought too late. The Court of Criminal Appeals has held that defendants placed on deferred adjudication have a right to appeal from that order. *Watson v. State,* 924 S.W.2d 711, 713 (Tex.Crim.App.1996). Deferred adjudication was imposed on November 14, 1997. Accordingly, his notice of appeal from that order was due on or before December 15, 1997. No timely attempt was made to appeal from that ruling; thus, we have no jurisdiction to consider this issue so far as it applies to the underlying order. *See Rodriquez v. State,* No. 06–97–00150–CR, 1998 WL 334728 (Tex. App.-Texarkana, June 19, 1998, no pet. h.); *Hammack v. State,* 963 S.W.2d 199, 201 (Tex. App.-Austin 1998, no pet.).

Session also contends that his plea of true in the revocation hearing was not voluntarily made. His plea of true was obtained through a plea bargain with the State, which

was followed by the court assessing his punishment at five years' imprisonment. The appellant filed a general notice of appeal. The first question is whether this issue is properly before the court. Before the recent rewriting of the Rules of Appellate Procedure, the answer was clearly yes. In *Flowers v. State*, 935 S.W.2d 131 (Tex.Crim.App. 1996), the Court of Criminal Appeals decided that a challenge to the voluntariness of a plea is not jurisdictional but is nevertheless an exception to the proviso in Rule 40(b)(1).[1] Therefore, it concluded that a defendant who pleads guilty pursuant to a plea bargain agreement may challenge by general notice of appeal jurisdictional errors and nonjurisdictional errors that affect the voluntariness of his plea.

Since that opinion was written, however, the rules governing the procedures to be followed in pursuing an appeal have been rewritten. This precise question was before the Fort Worth Court of Appeals in *Villanueva v. State*, No. 2-96-563-CR, 1998 WL 304336 (Tex.App.-Fort Worth, June 11, 1998, no pet. h.). The court reviewed the underpinnings for the rule enunciated in *Flowers*, and then examined Rule 25.2(b)(3) of the Rules of Appellate Procedure in detail. The court concluded that, in those new rules, the Court of Criminal Appeals intended to partially overrule *Flowers*. It reasoned that the Court of Criminal Appeals was obviously aware of the voluntariness exception set out in *Flowers*, but the Court did not include that in the new rules as one of the specifics that must be contained in a notice of appeal from a plea of guilty or nolo contendere.

The new rules state that the notice must: (A) specify that the appeal is for jurisdictional defect, (B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (C) state that the trial court granted permission to appeal.

The Fort Worth court concluded that voluntariness was neither jurisdictional nor a pretrial matter, but that an appellant could challenge the voluntariness of his plea only when he first obtained the permission of the trial court. No permission was obtained, and the notice of appeal was general in nature.

■ We disagree with the analysis and conclusions reached by the Fort Worth court in its opinion. First, Rule 25.2 speaks specifically to the form and sufficiency of notice on appeal. It does not seek to change the substantive basis for an appeal.

Second, the limitation on allowing appeal is triggered by and based upon a voluntary plea of guilty or nolo contendere with a plea bargain in place. Thus, it is begging the question to say that this rule is applicable to this case because it involves a plea of guilty or nolo contendere and yet, the question whether there was a voluntary plea to that effect is not allowed to be reviewed. Under this system, if a judge coerced the plea or allowed it to be coerced in his presence, he is then allowed to determine that this matter cannot be appealed. In effect, if the trial judge put a pistol to the head of the defendant and ordered him to plead guilty, this could not be reviewed.

A fundamental right to appeal the voluntariness of a plea is well established in the jurisprudence of our State.[2]

■ Section 22.108 of the Government Code provides as follows:

(a) The Court of Criminal Appeals is granted rulemaking power to promulgate rules of posttrial, appellate, and review procedures in criminal cases except that its

---

1. Tex.R.App. P. 40(b)(1) (Vernon 1997) (now Tex. R.App. P. 25.2).

2. *See Flowers v. State*, 935 S.W.2d 131 (Tex.Crim. App.1996); *Fuentes v. State*, 688 S.W.2d 542 (Tex.Crim.App.1985); *Mooney v. State*, 615 S.W.2d 776 (Tex.Crim.App. [Panel Op.] 1981); *Wooten v. State*, 612 S.W.2d 561 (Tex.Crim.App. [Panel Op.] 1981); *Richards v. State*, 562 S.W.2d 456 (Tex.Crim.App.1977); *Wade v. State*, 508 S.W.2d 851 (Tex.Crim.App.1974); *Davila v. State*, 496 S.W.2d 629 (Tex.Crim.App.1973); *Prudhomme v. State*, 495 S.W.2d 941 (Tex.Crim. App.1973); *Jacobs v. State*, 493 S.W.2d 792 (Tex. Crim.App.1973); *Vasquez v. State*, 477 S.W.2d 629 (Tex.Crim.App.1972); *Patterson v. State*, 156 Tex.Crim. 489, 244 S.W.2d 217 (1951); *May v. State*, 151 Tex.Crim. 534, 209 S.W.2d 606 (1948); *Stafford v. State*, 103 Tex.Crim. 144, 280 S.W. 218 (1926); *Scott v. State*, 29 Tex. Ct.App. 217, 15 S.W. 814 (1890).

rules may not abridge, enlarge, or modify *the substantive rights of a litigant.* TEX. GOV'T CODE ANN. § 22.108 (Vernon 1988) (emphasis added). There is not a due process right to appeal, but because Texas has chosen to provide for appellate review, it should be available on the fundamental rights of an accused. Thus, the voluntariness or involuntariness of a plea should be closely scrutinized. The issue of the voluntariness or involuntariness of a plea should be subject to appellate review. Therefore, we now address the claim on its merits.

■ Session contends that he was scared at the time he pled "true" to the matters that caused the revocation of his community supervision and that his terror was such that it caused him to plead true. There is nothing in the record to support Session's contention that he pled true because of fear. He cites two letters to the trial judge that relate back to his plea of guilty in the deferred adjudication proceeding, which, as previously stated, is not before this Court. Thus, the record indicates that Session told the judge that he was pleading "true" freely and voluntarily, and there is nothing in the record to rebut this. This point of error is overruled.

■ Session further contends that the trial court committed reversible error by failing to order a presentence report before sentencing him to prison. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 9(g)(4) (Vernon Supp.1998) provides that, unless requested by the defendant, a judge is not required to direct preparation of a presentence report if "the judge is informed that a plea bargain agreement exists, under which the defendant agrees to a punishment of imprisonment, and the judge intends to follow the agreement." In the present case, Session entered into a plea bargain agreement in which he agreed to plead "true" in return for a recommendation for five years' imprisonment, which was the sentence assessed by the trial court. The record contains no indication that Session asked the trial court to direct the preparation of a presentence investigation prior to sentencing. No error has been shown.

■ Session next contends that he was not fully admonished by the trial court about the potential consequences of receiving deferred adjudication community supervision pursuant to TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.1998). He specifically complains that the court misled him about whether he was entitled to a hearing, whether he could be arrested, and whether he could appeal.

This contention of error relates solely to Session's nolo contendere plea. Because an appeal on this matter is not timely, we have no jurisdiction to address claimed error in the order placing Session on deferred adjudication. Even if we did, however, Article 42.12, § 5(a) provides that the information shall be provided "orally or in writing of the possible consequences under Subsection (b) of this section of a violation of community supervision." TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp.1998). The record contains written admonitions that include all of the information listed above. The written admonitions are signed both by Session and his attorney. The document also states that Session's lawyer has explained all of the admonitions to him. This complies with the letter of the law. No error has been shown.

The judgment is affirmed.