John Edward ELIZONDO, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–98–178–CR.

Court of Appeals of Texas,
Waco.

Nov. 12, 1998.

Rudolph T. Monsalvo, San Antonio, for appellant.

Edward Francis Shaughnessy, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before Chief Justice DAVIS, Justice CUMMINGS, and Justice VANCE.

## MEMORANDUM OPINION

VANCE, Justice.

Elizondo pled guilty to driving while intoxicated. Accepting a plea bargain, the court assessed punishment at five years' imprisonment, plus a $1,000 fine. The court further denied permission for an appeal. On May 1, 1998, Elizondo filed his Notice of Appeal, in which he specified that he intends to challenge the voluntariness of his plea.

The right to appeal from a negotiated plea is limited by the Rules of Appellate Procedure. *See* TEX.R.APP. P. 25.2(b)(3). Rule 25.2(b)(3) was predated by former Rule of Appellate Procedure 40(b)(1), which provided that:

> [I]n order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

*Id.* 40(b)(1) (repealed). In *Flowers v. State*, 935 S.W.2d 131, 132–34 (Tex.Crim.App.1996), the Court of Criminal Appeals held that a plea-bargaining defendant who failed to comply with the notice requirement of former Rule 40(b)(1) could nevertheless challenge (1) jurisdictional issues and (2) the voluntariness of his plea because "the appellate rules [cannot] abridge, enlarge, or modify the substantive rights of a litigant." In holding that voluntariness remained appealable despite Rule 40(b)(1), the court examined case law interpreting article 44.02, which preceded Rule 40(b)(1) and was partially repealed when the former Rules of Appellate Procedure were adopted. *See* TEX.CODE CRIM. PROC. ANN. art. 44.02 (Vernon 1979 & Supp. 1998); *Flowers*, 935 S.W.2d at 132 (citing *Lemmons v. State*, 818 S.W.2d 58, 62 (Tex. Crim.App.1991)).

Thus, after *Flowers*, there were four issues a plea-bargaining defendant could appeal: (1) jurisdictional matters; (2) matters appealed with trial court permission; (3) matters raised in writing and ruled on before trial; and (4) the voluntariness of the original plea. TEX.R.APP. P. 40(b)(1); *Flowers*, 935 S.W.2d at 133.

When the Rules of Appellate Procedure were revised, Rule 40(b)(1) was rewritten and renumbered. Rule 25.2(b)(3) now provides that:

[I]f the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere ... the notice must:

(A) specify that the appeal is for a jurisdictional defect;

(B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.

See TEX.R.APP. P. 25.2(b)(3). Of the four permissible areas of appeal recognized in *Flowers*, only three are enumerated in the new rule. *Id.*

Our dilemma is this: In revising the rule, did the Court of Criminal Appeals overlook the fact that *Flowers* had held voluntariness to be appealable despite Rule 40(b)(1)? Or, did the Court intend to include voluntariness among those complaints for which the defendant must seek the trial court's permission to appeal? The Fort Worth Court of Appeals has held the promulgation of Rule 25.2(b)(3) overruled *Flowers* and "alter[ed] the method used to invoke an appellate court's jurisdiction to consider a voluntariness claim." *Villanueva v. State*, 977 S.W.2d 693, 695–96 (Tex.App.—Fort Worth 1998, no pet.).

The Texarkana Court of Appeals disagrees. *See Session v. State*, 978 S.W.2d 289, 291–92 (Tex.App.—Texarkana 1998, no pet. h.). *Session* held that the right to appeal the voluntariness of a plea is a fundamental right which cannot be altered by a rule which speaks "specifically to the form and sufficiency of notice on appeal" and does not regard the substantive basis for an appeal. *Id.* at 291. Recognizing no due process right to appeal, the Texarkana court nonetheless concluded that, because Texas has chosen to provide for appellate review, the issue of voluntariness should always be subject to review. *Id.*

■ We agree with the Fort Worth Court of Appeals that, in promulgating the new rules, the Court of Criminal Appeals intended to partially overrule *Flowers*. The court has not completely eliminated the right to challenge voluntariness after a plea bargain, but has limited our jurisdiction to hear such complaints.[1] *Id.*

Given the number of *pro-se* appeals we are seeing where the only complaint concerns the voluntariness of a negotiated plea, we believe that these complaints will be better reviewed if first presented to the trial court. The trial court should have an opportunity to review a serious complaint about the voluntariness of a plea it has acted upon.

■ Under Rule 25.2(b)(3), to invoke this court's jurisdiction over an appeal from a negotiated plea-bargain, a notice of appeal must expressly specify that the appeal is for a jurisdictional defect, specify that the substance of the appeal was raised in writing and ruled on before trial, or state that the trial court granted permission.[2] Because voluntariness is neither jurisdictional[3] nor a pretrial matter, an appellant may challenge the voluntariness of his plea-bargain only when he first obtains trial court permission. TEX.R.APP. P. 25.2(b)(3); *Villanueva*, 977 S.W.2d at 695–96; *Long v. State*, 980 S.W.2d 878, 878 (Tex.App.—Fort Worth 1998, no pet. h.).

Elizondo did not state in his notice of appeal that he has permission to appeal.

1. Judges Baird and Overstreet believe it does preclude such a claim. *See* Statement Accompanying Approval Of Revisions To The Texas Rules of Appellate Procedure, Misc. Docket No.—(Tex. Crim.App. Mar. 20, 1997), published at 944 S.W.2d xxxvi ("[Under Rule 25.2] a defendant will be precluded from raising on appeal a complaint challenging the voluntariness of the negotiated plea.")

2. A procedurally defective notice of appeal does not confer jurisdiction on the appellate court. *See Davis v. State*, 870 S.W.2d 43, 46 (Tex.Crim. App.1994).

3. In *Flowers*, the Court of Criminal Appeals noted that the voluntariness of a plea is not a jurisdictional issue. *Flowers*, 935 S.W.2d at 134, n. 4. The Court noted: "Even if a guilty plea or a plea of nolo contendere is involuntary because of a misunderstanding of the plea agreement, the trial court still has power over the criminal matter and the defendant. It is error by the trial court to accept an involuntary plea, but this does not affect the court's power over the case itself or the defendant." *Id.*

Thus, we do not have jurisdiction to hear his complaint.[4]

The appeal is dismissed for want of jurisdiction.

4. Normally, we would give counsel an opportunity to cure the defect. Nevertheless, we have reviewed the record and find that the court emphatically denied the right to appeal. Thus, it cannot be cured.