Juan S. Dominguez v. The State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-191-CR
&
No. 10-98-192-CR

     JUAN S. DOMINGUEZ,
                                                                                   Appellant
     v.

     THE STATE OF TEXAS,
                                                                                   Appellee
 

From the 290th District Court
Bexar County, Texas
Trial Court Nos. 96-CR-1291 & 96-CR-5187
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Appellant Juan S. Dominguez pleaded guilty to two charges of felony DWI. See Tex. Penal
Code Ann. § 49.09(b) (Vernon Supp. 1998). In exchange for his pleas, the State recommended
that Dominguez receive three years’ imprisonment and a $1,000 fine in each case to run
concurrently. The State took no position on Dominguez’s application for community supervision. 
The court rejected Dominguez’s request for community supervision and assessed his punishment
at three years’ confinement and a $1,000 fine in each case pursuant to the State’s plea
recommendation. Dominguez filed general notices of appeal in each case asserting that his pleas
were involuntary because he expected to receive community supervision.
      To properly invoke the jurisdiction of this Court over an appeal from a negotiated guilty plea,
an appellant must comply with Rule 25.2(b)(3) of the appellate rules, even when challenging the
voluntariness of his plea.


 Elizondo v. State, No. 10-98-178-CR, slip op. at 3-4, 1998 WL
784021, at *2 (Tex. App—Waco Nov. 12, 1998, no pet. h.); Villanueva v. State, No. 02-96-563-CR, slip op. at 5-6, 1998 WL 304336, at *2 (Tex. App.—Fort Worth June 11, 1998, no pet.);
contra Rigsby v. State, 976 S.W.2d 368, 369 n. 1 (Tex. App.—Beaumont 1998, no pet. h.);
Session v. State, No. 06-98-109-CR, 1998 WL 598405, at *2 (Tex. App.—Texarkana Sept. 11,
1998, no pet.) (both holding compliance with Rule 25.2(b)(3) unnecessary when voluntariness of
plea is challenged).
      Rule 25.2(b)(3) provides that in cases where a defendant has pleaded guilty or nolo contendere
and the punishment assessed does not exceed the punishment recommended by the prosecutor and
agreed to by the defendant, the defendant’s notice of appeal must:
(a) specify that the appeal is for a jurisdictional defect;
 
(b) specify that the substance of the appeal was raised by written motion and ruled on
before trial; or
 
(c) state that the trial court granted permission to appeal.

Tex. R. App. P. 25.2(b)(3).
      Dominguez’s general notices of appeal do not contain any of these three required recitations. 
Thus, they do not comply with Rule 25.2(b)(3). For this reason, we do not have jurisdiction over
these appeals. Accordingly, we dismiss Dominguez’s appeals.
 
                                                                               PER CURIAM
Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Appeals dismissed
Opinion delivered and filed December 9, 1998
Do not publish