Hector Medina v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-108-CR
&
No. 10-99-113-CR

     ROBERT MARTIN KELLEY, JR.,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court Nos. 98-702-C & 98-703-C
                                                                                                               

MEMORANDUM OPINION
                                                                                                               

      Robert Martin Kelley, Jr. pleaded guilty to one count of attempted indecency with a child and
six counts of injury to a child. See Tex. Pen. Code Ann. §§ 15.01, 21.11(a)(1), 22.04(a)(3)
(Vernon 1994). Pursuant to a plea agreement, the court sentenced Kelley to seven years’
imprisonment on each count after denying his motion to withdraw his guilty plea in each case. 
Kelley attempts to appeal the voluntariness of his guilty pleas.
      Appellate rule 25.2(b)(3) provides that in cases where a defendant has pleaded guilty or nolo
contendere and the punishment assessed does not exceed the punishment recommended by the
prosecutor and agreed to by the defendant, the defendant’s notice of appeal must:
(a) specify that the appeal is for a jurisdictional defect;
 
(b) specify that the substance of the appeal was raised by written motion and ruled on
before trial; or
 
(c) state that the trial court granted permission to appeal.

Tex. R. App. P. 25.2(b)(3).
      To properly invoke the jurisdiction of this Court over an appeal from a negotiated guilty plea,
an appellant must comply with rule 25.2(b)(3). Tex. R. App. P. 25.2(b)(3). This Court and two
others have required compliance with this rule even when challenging the voluntariness of the
guilty plea. McGinty v. State, No. 01-98-113-CR, slip op. at 5, 1998 WL 918472, at *2 (Tex.
App.—Houston [1st Dist.] Dec. 23, 1998, no pet. h.); Elizondo v. State, 979 S.W.2d 823, 824
(Tex. App—Waco 1998, no pet.); Villanueva v. State, 977 S.W.2d 693, 695-96 (Tex. App.—Fort
Worth 1998, no pet.). At least four other appellate courts have decided to the contrary. 
Hernandez v. State, 986 S.W.2d 817, 820 (Tex. App.—Austin 1999, no pet. h.); Johnson v. State,
978 S.W.2d 744, 746 (Tex. App.—Eastland 1998, no pet.); Rigsby v. State, 976 S.W.2d 368, 369
n. 1 (Tex. App.—Beaumont 1998, no pet.); Session v. State, 978 S.W.2d 289, 291-92 (Tex.
App.—Texarkana 1998, no pet.).
      Kelley’s notice of appeal does not comply with rule 25.2(b)(3). The trial court expressly
denied his motion for permission to appeal the voluntariness of his pleas. Accordingly, we do not
have jurisdiction. Elizondo, 979 S.W.2d at 824-25 & n.4. Thus, we dismiss Kelley’s appeal.
                                                                         PER CURIAM
 
Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Appeal dismissed
Opinion delivered and filed June 30, 1999
Do not publish