Michael Thomas Maples v. State of Texas`















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-150-CR

     MICHAEL THOMAS MAPLES,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the County Criminal Court No. 3
Dallas County, Texas
Trial Court # MB99-30639-C
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Michael Thomas Maples pleaded guilty to the misdemeanor offense of driving while
intoxicated. See Tex. Pen. Code Ann. § 49.04(a) (Vernon Supp. 2000). Pursuant to the
State’s plea recommendation, the court sentenced Maples to 180 days in the county jail and a
$750 fine, suspended imposition of sentence, and placed him on community supervision for 24
months. Maples filed a general notice of appeal.
      We advised Maples by letter dated May 4, 2000 that his appeal appears subject to
dismissal for want of jurisdiction because his notice of appeal does not comply with Rule of
Appellate Procedure 25.2(b)(3). See Tex. R. App. P. 25.2(b)(3). We warned that his appeal
would be dismissed if this defect were not corrected within ten days after the date of the letter. 
See Tex. R. App. P. 25.2(d).
      To properly invoke the jurisdiction of this Court over an appeal from a negotiated guilty
plea, an appellant must comply with Rule 25.2(b)(3). Elizondo v. State, 979 S.W.2d 823, 824
(Tex. App.—Waco 1998, no pet.); Villanueva v. State, 977 S.W.2d 693, 695-96 (Tex.
App.—Fort Worth 1998, no pet.). Rule 25.2(b)(3) provides that in cases where a defendant
has pleaded guilty or nolo contendere and the punishment assessed does not exceed the
punishment recommended by the prosecutor and agreed to by the defendant, the defendant’s
notice of appeal must:
(a) specify that the appeal is for a jurisdictional defect;
 
(b) specify that the substance of the appeal was raised by written motion and ruled on
before trial; or
 
(c) state that the trial court granted permission to appeal.

Tex. R. App. P. 25.2(b)(3).
      Maples’s general notice of appeal does not contain any of these three required recitations. 
Thus, it does not comply with Rule 25.2(b)(3). Accordingly, we dismiss Maples’s appeal for
want of jurisdiction.
                                                                               PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed for want of jurisdiction
Opinion delivered and filed May 31, 2000
Do not publish