**James Odell MARSHALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–99–00153–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 10, 2000.

David R. Gutierrez, Corpus Christi, for Appellant.

Carlos Valdez, Dist. Atty., Corpus Christi, Mark W. Stolley, Asst. Dist. Atty., Corpus Christi, for Appellee.

Before Chief Justice SEERDEN and Justices DORSEY and YAÑEZ.

## O P I N I O N

Opinion by Justice YAÑEZ.

Pursuant to a plea bargain agreement, James Odell Marshall pleaded guilty to the offense of murder[1] and was sentenced to life in the Institutional Division of the Texas Department of Criminal Justice. By a single issue, he contends he was denied effective assistance of counsel, and that the lack of effective assistance rendered his plea involuntary. We affirm.

## Jurisdiction

Before reaching the merits of this case, we address the State's contention that this Court lacks jurisdiction to consider this appeal. Because Marshall appeals from a judgment rendered on a plea of guilty pursuant to a plea bargain, and the punishment assessed was within the range agreed to by the prosecutor and the defendant, we must consider the threshold issue

of whether Marshall's general notice of appeal is sufficient to confer jurisdiction on this Court.

Texas Rule of Appellate Procedure 25.2(b)(3) limits our jurisdiction over appeals from plea-bargained convictions. The rule provides, in relevant part:

[I]f the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere ... the notice must:

(A) specify that the appeal is for a jurisdictional defect [new];

(B) specify that the substance of the appeal was raised by written motion and ruled on before trial [same as old rule]; or

(C) state that the trial court granted permission to appeal [same as old rule].

*See* Tex.R.App. P. 25.2(b)(3). Rule 25.2(b)(3) replaces former rule 40(b)(1),[2] which provided:

[I]n order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion ruled on before trial.

Under former rule 40(b)(1), a plea-bargaining defendant who failed to comply with the notice requirements of the rule could nevertheless challenge jurisdictional issues and the voluntariness of his plea. *Flowers v. State*, 935 S.W.2d 131, 132–34 (Tex. Crim.App.1996).

The advent of rule 25.2(b)(3), however, sparked debate about whether the appellate courts may still consider the voluntariness of a plea when an appellant files only a general notice of appeal and thus, fails to comply with the rule's extra-notice requirements. *See Davis v. State*, 7 S.W.3d 695, 696 (Tex.App.—Houston [1st Dist.]

---

1. *See* Tex. Penal Code Ann § 19.03 (Vernon 1994). The facts of the underlying offense were not brought into evidence and have no relevance to the appeal. Therefore, we have omitted review of the facts.

2. All references to rule 40(b)(1) are to former Texas Rule of Appellate Procedure 40(b)(1).

1999, pet. ref'd) (noting split of authority in courts of appeals and citing cases).

■ The overwhelming majority of Texas appellate courts that have considered the issue have held that under *Flowers,* the right to challenge the voluntariness of a plea can always be challenged on appeal. *See, e.g., Davis,* 7 S.W.3d at 696; *Moore v. State,* 4 S.W.3d 269, 272 (Tex.App.—Houston [14th Dist.] 1999, no pet.); *Lowe v. State,* 997 S.W.2d 670, 672 n. 2 (Tex.App.—Dallas 1999, no pet. h.); *Minix v. State,* 990 S.W.2d 922, 923 (Tex.App.—Beaumont 1999, pet. ref'd); *Price v. State,* 989 S.W.2d 435, 437–38 (Tex.App.—El Paso 1999, pet. ref'd); *Hernandez v. State,* 986 S.W.2d 817, 820 (Tex.App.—Austin 1999, pet. ref'd); *Luna v. State,* 985 S.W.2d 128, 129–30 (Tex.App.—San Antonio 1998, pet. ref'd); *Vidaurri v. State,* 981 S.W.2d 478, 479 (Tex.App.—Amarillo 1998, pet. granted); *Session v. State,* 978 S.W.2d 289, 291–92 (Tex.App.—Texarkana 1998, no pet.); *Johnson v. State,* 978 S.W.2d 744, 745–46 (Tex.App.—Eastland 1998, no pet.).

By contrast, the Fort Worth and Waco courts of appeal have held that rule 25.2(b)(3) overrules *Flowers. See Villanueva v. State,* 977 S.W.2d 693, 695–96 (Tex.App.—Fort Worth 1998, no pet.); *Long v. State,* 980 S.W.2d 878, 878 (Tex.App.—Fort Worth 1998, no pet.); *Elizondo v. State,* 979 S.W.2d 823, 824 (Tex.App.—Waco 1998, no pet.). The Fort Worth and Waco courts have concluded that under rule 25.2(b)(3), a defendant may challenge the voluntariness of his plea only after obtaining the trial court's permission and specifying so in a notice of appeal. *See Villanueva,* 977 S.W.2d at 696; *Long,* 980 S.W.2d at 878; *Elizondo,* 979 S.W.2d at 824.

The *Villanueva* and *Elizondo* courts have reasoned that the court of criminal appeals was aware of the voluntariness exception enunciated in *Flowers,* and by failing to specifically incorporate the exception into the new rule, implicitly overruled *Flowers. See Villanueva,* 977 S.W.2d at 693–95; *Elizondo,* 979 S.W.2d at 824. In support, the *Villanueva* court relied on comments made by two court of criminal appeals justices when the rule was initially proposed. The court noted the justices' statements that the new rule precludes a defendant from raising a complaint of involuntariness on appeal. *See Villanueva,* 977 S.W.2d at 695 (quoting court of criminal appeals Justices Baird and Overstreet in a "Statement Accompanying Approval of Revisions" to the new rules). The *Elizondo* court also stated that such a rule is desirable because the trial court is in a better position to evaluate the voluntariness of the plea. *Elizondo,* 979 S.W.2d at 824.

We are persuaded by the reasoning of the majority of our sister courts. In examining the text of both rules, we note the former rule is extremely similar to the present rule. Despite speculation about whether the court of criminal appeals intended to *implicitly* overrule *Flowers* by promulgating the new rule,[3] the court has not addressed whether *Flowers* applies to rule 25.2(b)(3). While rule 25.2(b)(3) restructures the content of former rule 40(b)(1), the substantive meaning of the rule remains, on its face, unchanged. The text of rule 25.2(b)(3) contains no statement that it is intended to overrule *Flowers,* either in whole or in part. In light of the similarities between the old and new rules, we conclude that the holding and rationale of *Flowers* still applies.

We find the reasoning of the *Villanueva* and *Elizondo* courts unsound and unpersuasive. The *Villanueva* court notes that although "the new rule covers generally the same subject matter" as the former rule, its silence regarding voluntariness is significant. *Villanueva,* 977 S.W.2d at 695. The court concludes "[t]his omission . . . seems intentional." *Id.* We conclude it is more persuasive to assume that the court of criminal appeals, aware of *Flowers,* intended appellate courts to continue

---

**3.** *See, e.g., Davis,* 7 S.W.3d at 697; *Minix,* 990 S.W.2d at 924.

applying *Flowers*, and thus, found no need to alter the new rule substantially. Even if persuaded to embrace the interpretation of rule 25.2(b)(3) urged by the Waco and Fort Worth courts, we reject the notion that the court of criminal appeals was authorized to *implicitly* overrule *Flowers*. In granting the court of criminal appeals its rulemaking power, the legislature has specified that the court of criminal appeals may not abridge, enlarge, or modify the substantive rights of a litigant. *See* TEX. GOV'T CODE ANN. § 22.108 (Vernon 2000).

Moreover, we conclude that the *Villanueva* and *Elizondo* courts' reliance on comments by court of criminal appeals justices regarding interpretation of the new rule is misplaced. *See Villanueva*, 977 S.W.2d at 695; *Elizondo*, 979 S.W.2d at 824 n. 1. In finding such comments "per-

4. Following the withdrawal of his trial counsel, Marshall filed a request for appointed counsel for the purpose of pursuing an appeal; his request for appointed counsel was granted.

5. Although we do not have jurisdiction to consider claims of ineffective assistance of counsel in an appeal from a plea-bargained conviction, TEX.R.APP. P. 25.2(b)(3), we *do* have jurisdiction to consider a claim that a guilty plea was involuntary. *Flowers v. State*, 935 S.W.2d 131, 134 (Tex.Crim.App.1996); *Moore v. State*, 4 S.W.3d 269, 272 (Tex.App.— Houston [14th Dist.] 1999, no pet h.) (distinguishing claim of ineffective assistance, which court had no jurisdiction to review because of defendant's failure to comply with rule 25.2(b)(3), from claim of involuntariness, which can always be challenged on appeal as fundamental right); *Akridge v. State*, 13 S.W.3d 808 (Tex.App.—Beaumont 2000, no pet. h.) (same).

The State also argues Marshall "waived" his claim of ineffective assistance by failing to provide a record to sustain his claim. As noted, we only address Marshall's claim of ineffective assistance insofar as it is incorporated into his involuntariness claim.

We also note that in *Young v. State*, 8 S.W.3d 656, 665–666 (Tex.Crim.App.2000), the court of criminal appeals recently held that:

with or without an agreed recommendation of punishment by the State, a valid plea of guilty or nolo contendere "waives" or for-

suasive," the *Villanueva* court reached outside the text of the rule to interpret its meaning. *Villanueva*, 977 S.W.2d at 695. Comments by court of criminal appeals justices are not binding authority on this Court.

We hold Marshall's general notice of appeal[4] is sufficient to invoke this Court's jurisdiction to consider the voluntariness of his plea.

### Applicable Law

Appellant contends his guilty plea was involuntary as the result of ineffective assistance of counsel.[5]

Ineffective assistance of counsel may be raised indirectly as affecting the voluntariness of the plea, since a guilty plea is not knowing or voluntary if made as a result of ineffective assistance of counsel.

feits the right to appeal a claim of error *only when the judgment of guilt was rendered independent of, and is not supported by, the error.* In addition, if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the substance of the appeal must have been raised by writtten motion and ruled on before trial (unless the appeal is for a jurisdictional defect or the trial court granted permission to appeal).

*Young*, 8 S.W.3d at 665–666 (footnotes omitted) (emphasis added).

We recognize that in *Young*, the court of criminal appeals substantially revised the *Helms* Rule, and that the court's opinion, therefore, focused on the circumstances in which a plea of guilty or nolo contendere *waives* a right to appeal a claim of error. The *Young* decision did not focus directly on an appellate court's *jurisdiction* to hear such an appeal. The waiver analysis enunciated in *Young*, however, is applicable to cases involving both "open" pleas of guilt and plea-bargains. *Id.* In the present case, Marshall contends his counsel was ineffective (and his plea rendered involuntary) by, *inter alia*, his counsel's failure to adequately explain the plea documents and the consequences of the plea bargain. We conclude that under *Young*, Marshall's claim of error was not waived because the judgment of guilt was not "rendered independent of" the alleged error.

*See Ex parte Burns,* 601 S.W.2d 370, 372 (Tex.Crim.App.1980); *Melton v. State,* 987 S.W.2d 72, 77 (Tex.App.—Dallas 1998, no pet.); *Diaz v. State,* 905 S.W.2d 302, 308 (Tex.App.—Corpus Christi 1995, no pet.).

 "When a defendant challenges the voluntariness of a plea entered upon the advice of counsel, contending that his counsel was ineffective, 'the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Ex parte Moody,* 991 S.W.2d 856, 857–58 (Tex.Crim.App.1999) (quoting *Ex parte Morrow,* 952 S.W.2d 530, 536 (Tex.Crim.App.1997)); *Kober v. State,* 988 S.W.2d 230, 232 (Tex.Crim.App.1999). An appellant must prove ineffective assistance of counsel by a preponderance of the evidence. *Ex parte Morrow,* 952 S.W.2d at 536.

 In any case analyzing the effective assistance of counsel, we begin with the strong presumption that counsel was competent. *See Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App.1999); *Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994) (en banc). We presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See Jackson,* 877 S.W.2d at 771. An appellant has the burden of rebutting this presumption by presenting evidence illustrating why trial counsel did what he did. *See id.*

 Once an accused attests that he understands the nature of his plea and that it was voluntary, he has a heavy burden to prove on appeal that his plea was involuntary. *Edwards v. State,* 921 S.W.2d 477, 479 (Tex.App.—Houston [1st Dist.] 1996, no pet.); *see also Crawford v. State,* 890 S.W.2d 941, 944 (Tex.App.—San Antonio 1994, no pet.); *Jones v. State,* 855 S.W.2d 82, 84 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd). In determining the voluntariness of a plea, the entire record must be considered. *See Williams v. State,* 522 S.W.2d 483, 485 (Tex.Crim.App.1975); *Ford v. State,* 845 S.W.2d 315, 316 (Tex.App.—Houston [1st Dist.] 1992, no pet.).

### Analysis

 Marshall complains that his trial counsel failed to explain each of the plea papers and also failed to explain the waiver of certain rights as a consequence of entering a guilty plea. He further complains, without explaining how such a misconception is attributable to any act or omission by counsel, that he thought he was going to receive a thirty-year sentence. Finally, he complains that his counsel failed to interview witnesses, and had neither visited the crime scene nor made any preparations for trial. Marshall fails to point to any record references for any of his contentions.

Nothing in the record contradicts the presumption that Marshall's plea was entered freely and voluntarily. Following his plea hearing and sentencing hearing, Marshall sent a letter to the court, complaining about his lawyer's performance and stating that he wanted to appeal. In response, the trial court held a hearing. Appellant testified at the hearing as follows:

Q [Court]: Okay. You understand that you also have a right to represent—to present evidence in your behalf and you are waiving that too? Do you understand that?

A [Marshall]: Yes, sir.

Q: Well, okay. Are you entering this plea voluntarily?

A: Yes, sir.

Q: In other words, it is of your own free will, nobody has threatened or promised you anything other than the plea is the recommendation?

A: Yes, sir.

. . . .

Q: Mr. Woerner [Marshall's counsel], your attorney, are you satisfied with his services?

A: Yes, sir.

Later in the hearing, the following exchange between Marshall and his counsel took place:

Q [Counsel]: Mr. Marshall, I am going to primarily deal with your letter which goes into more detail than the things you spoke to this court about. First of all, I believe you state we refused to file any motions for you; is that correct?

A [Marshall]: Yes.

Q: Let me show you the court's file. Have you looked through it to see whether any motions were filed for you?

A: No, because you never showed it to me.

Q: Does this appear to be a motion that was filed for you? Comes now the co-defendant, James Marshall, by and through his attorney of record?

A: Yeah.

Q: Okay. Is that also a motion to suppress? Let me put it this way. You don't really know whether or not any motions were filed for you; is that correct?

A: Well, you just showed me one.

Q: How many motions would you like to see?

[Court]: There is [sic] three other files.

The court also questioned Marshall's counsel as follows:

Q [Court]: All indications to me, Mr. Marshall, are that you entered a plea voluntarily; that you agreed on the record that you had no complaints about your attorney. Let me ask you, [Marshall's counsel]. Do you feel that the plea of guilty that was entered by your client, do you feel he did it voluntarily?

A [Counsel]: Yes, Your Honor.

Q: Do you feel that he understood exactly what he was doing?

A: Yes, Your Honor. I not only explained it to him verbally. I had him

sign an affidavit which explained what the range of punishment was, what exactly he was pleading guilty to, what his options were that he could have a trial in front of a jury or enter the plea. It was explained to him in open court. I don't know how many more times we could have explained it to him.

Q: Your client was—if convicted of capital murder was facing life in prison or the death sentence?

A: That's correct, Your Honor.

In light of the record and the presumption that counsel's performance was reasonably professional, we cannot conclude that Marshall received ineffective assistance of counsel. *See Gottson v. State,* 940 S.W.2d 181, 185–6 (Tex.App.—San Antonio 1996, pet. ref'd).

### Conclusion

The record does not demonstrate that Marshall's counsel failed to adequately explain the plea papers or consequences of the plea, nor does it show that he failed to interview witnesses, visit the crime scene, or prepare for trial. Having found that the record does not demonstrate that counsel's performance was ineffective, there is no evidence Marshall's plea was involuntary. Therefore, we overrule Marshall's single issue.

The judgment of the trial court is affirmed.