NUMBER 13-99-598-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


LOIS M. JACKSON
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 36th District Court


of San Patricio County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Rodriguez



 On July 16, 1999, appellant, Lois Jackson, entered an agreed plea
of guilty to the offense of possession of marihuana.(1) Pursuant to the
plea bargain, the trial court sentenced appellant to five years
imprisonment, probated for five years, a $1,000.00 fine, and restitution
in the amount of $140.00. On August 20, 1999, the trial court signed
the judgment. On September 14, 1999, appellant filed a handwritten
letter with the trial court stating she was "writing to appeal for a new
trial." In her letter, appellant complained of inadequate representation
by trial counsel. The trial court clerk forwarded appellant's letter to this
Court as appellant's notice of appeal. See Tex. R. App. P. 25.2(c). No
other notice appears in the record.

 By three points of error, appellant complains of ineffective
assistance of counsel. Appellee, the State of Texas, in response, claims
this Court should dismiss the appeal for want of jurisdiction because
appellant's general notice provided no basis for an appeal from the plea-bargained judgment. We agree and dismiss for want of jurisdiction.

 Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure provides
that following an agreed plea of guilty, and where the punishment does
not exceed the punishment recommended by the prosecutor and agreed
to by the defendant, a notice of appeal must specify that (1) the appeal
is for a jurisdictional defect, (2) the substance of the appeal was raised
by written motion and ruled on before trial, or (3) state that the trial
court granted permission to appeal. See Tex. R. App. P. 25.2(b)(3). 

 Because appellant entered an agreed plea of guilty, and because
the punishment assessed did not exceed the punishment recommended
by the prosecutor, rule 25.2(b)(3) limits our jurisdiction over this appeal. 
First, appellant asserts no jurisdictional defects, claiming only ineffective
assistance of counsel.(2) Second, she does not contend that her appeal
is from an issue raised by written motion and ruled on before trial. 
Finally, appellant's notice of appeal does not set out that the trial court
granted her permission to pursue her appeal.(3)

 We further note that under rule 25.2(d), an appellate court may
grant leave of court allowing an appellant to amend her notice of
appeal. See Tex. R. App. P. 25.2(d)(after brief filed notice may be
amended only on leave of appellate court). However, the Texas Court
of Criminal Appeals recently stated that rule 25.2(d) does not permit an
appellate court to grant a motion to amend if the amendment sought to
be made to the notice of appeal is a jurisdictional amendment. See State
v. Riewe, 13 S.W.3d 408, 413-14 (Tex. Crim. App. 2000). Once
jurisdiction is lost, an appellate court lacks the power to invoke any rule
to thereafter obtain jurisdiction. Id. at 413.

 In the present case, the judgment was signed on August 20,
1999. Appellant filed her timely general notice of appeal on September
14, 1999. See Tex. R. App. P. 26.2(a)(1) (notice of appeal must be filed
within thirty days after day sentence imposed or trial court enters
appealable order). On December 2, 1999, the trial court granted
appellant permission to appeal. Appellant's brief was filed January 31,
2000. No leave to file the trial court's order granting permission to
appeal has been filed, and even had leave been requested, we could not
allow such a late jurisdictional amendment. See Riewe, 13 S.W.3d at
412.

 Because we conclude this Court is without jurisdiction, we
dismiss this appeal.

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this the 31st day of August, 2000.

 

1. See Tex. Health & Safety Code Ann. § 481.121 (Vernon Supp.
2000).
2. The Texas Court of Criminal Appeals has ruled that claims of
ineffective assistance of counsel are not jurisdictional. See Lyon v.
State, 972 S.W.2d 832, 736 (Tex. Crim. App. 1994) (citing Fairfield v.
State, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981) (jurisdiction is
power of court over "subject matter" of case, conveyed by statute or
constitutional provision, coupled with "personal" jurisdiction over
accused)).
3. This Court recently joined the majority of Texas appellate courts
in concluding that the voluntariness of a plea can be challenged on
appeal even when an appellant files only a general notice of appeal, and
thus fails to comply with the specific notice requirements of Texas Rule
of Appellate Procedure 25.2(b)(3). See Marshall v. State, No. 13-99-00153-CR, 2000 Tex. App. LEXIS 5427 (Corpus Christi August 10,
2000, no pet. h.) (designated for publication).


 On appeal, appellant argues ineffective assistance of counsel. She
asserts three issues; two involving a conflict of interest that was
allegedly the result of her trial counsel representing multiple defendants,
and one involving her counsel's failure to file pretrial motions. Appellant
does not urge that the alleged lack of effective assistance rendered her
plea involuntary. Thus, we conclude the issue of voluntariness of the
plea is not before this Court.