NUMBER 13-99-302-CR

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI

 ___________________________________________________________________ 



REGINALD AUSTIN , Appellant, 



v.

 

THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 



On appeal from the 329th District Court

 of Wharton County, Texas.

 ___________________________________________________________________ 



O P I N I O N

 

Before Chief Justices Seerden and Justices Dorsey and Yañez 

Opinion by Justice Dorsey



 Appellant Reginald Austin pleaded guilty to possession of a controlled substance pursuant to a plea bargain. The trial
court accepted this plea agreement and sentenced him to 5 years in prison and a $250 fine. In four points of error appellant
contends: (1) the trial court abused its discretion in overruling his motion to suppress evidence of cocaine because it was
discovered and seized in a search incident to an illegal arrest; (2) that his waiver of the right to appeal was not made
knowingly and voluntarily; (3) that the court erroneously assumed the appellant was mentally competent without any
evidence; and (4) that appellant is not guilty because another person has admitted to possession of the controlled substance. 
We affirm. 

 Where the defendant in a criminal action has pleaded guilty or nolo contendere and the punishment assessed is not greater
than that recommended by the prosecutor, the appellant must have permission of the trial court to appeal the case, except on
jurisdictional issues or those matters that have been raised by written motion prior to trial. Tex. R. App P. 25.2 (b)(3). 
Here, appellant filed a motion to suppress evidence prior to entering his guilty plea. The court of criminal appeals has held
that appellate courts must consider the trial court's ruling on appellant's motion to suppress evidence, when that ruling is the
basis for appellant's guilty plea. See Young v. State, 8 S.W.3d 656, 667 (Tex. Crim. App. 2000)(en banc). The remaining
three points have been waived because the appellant pleaded guilty and the punishment assessed was not greater than that
recommended by the prosecutor. Appellant has not filed a petition requesting permission to appeal. 

 Appellant contends that officers Jansky and Peikert's attempt to detain him for questioning was illegal because they lacked
reasonable suspicion that appellant was committing a crime. Because the detention was illegal appellant argues that his
attempt to flee did not provide probable cause for the officers to arrest him. Consequently, the evidence obtained from that
arrest should have been excluded. 

 At a hearing on a motion to suppress evidence, the trial judge is the sole and exclusive trier of fact and judge of the
credibility of the witnesses and the weight given their testimony. Green v. State, 934 S.W.2d 92, 98 (Tex. Crim. App.
1996). The appellate court should give almost total deference to a trial court's determination of historical facts, and review
de novo the court's application of the law of search and seizure. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App.
2000) (citing Guzman v. State, 955 S.W.2d 85 (Tex. Crim. App. 1997)). 

 Probable cause exists where the police have reasonably trustworthy information sufficient to warrant a reasonable person
to believe a particular person has committed or is committing an offense. Amores v. State, 816 S.W.2d 407, 413 (Tex.
Crim. App. 1991). Each search and seizure question must turn on the facts of that particular case. Gonzales v. State, 648
S.W.2d 684, 687 (Tex. Crim. App. 1983). In the present case an informant, with an established record of trustworthiness,
provided the officers with information about appellant: where he would be, who he would be with, and that he would be in
possession of narcotics. The officers observed appellant arrive as described by their informant. This created a reasonable
suspicion for which the officers were justified in seeking to detain and question appellant. Upon identifying themselves as
officers, appellant attempted to flee. It is an offense for an individual to intentionally flee when an officer is attempting to
lawfully arrest or detain him. Tex. Pen. Code Ann. § 38.04 (Vernon 1997). 

 A peace officer may arrest an offender without a warrant for any offense committed in the officer's presence or within the
officer's view. Tex. Code Crim. Proc. Ann. § 14.01(b) (Vernon 1967). Because the officers were lawfully detaining
appellant, his attempt to flee constituted an offense for which he could be and was arrested. Officer Jansky tackled
appellant to prevent his escape. Upon turning appellant over, Officer Jansky observed a paper bag on the ground where he
had knocked appellant down. This bag contained five small rocks of cocaine. Evidence that is legally obtained is
admissible. State v. Mayorga, 901 S.W.2d 943, 945 (Tex. Crim. App. 1995). Because Officers Jansky and Peikert
obtained the narcotics as an incident of a lawful arrest, the evidence was admissible. The trial court did not abuse its
discretion in denying appellant's motion to suppress. 

 Appellant also claims ineffective assistance of counsel in the trial court. However, other than making a general claim of
ineffectiveness in violation of the Texas and U.S. Constitution and that defense counsel should have objected, appellant
provides no citations to the record, authorities, or substantive analysis. The Court of Criminal Appeals has held that
insufficiently briefed points of error present nothing to review. McDuff v. State, 939 S.W.2d 607 (Tex. Crim. App. 1997). 
Therefore, this point presents nothing for this court to review. 

 This point of error is overruled. Accordingly, the judgment of the trial court is AFFIRMED. 

 ______________________________ 

 J. BONNER DORSEY, 

 Justice 



Concurring opinion by Justice Linda Reyna Yañez. 



Do not publish . 

Tex. R. App. P. 47.3(b). 



Opinion delivered and filed 

this 31st day of August, 2000.


 * * * * * * * * * * *






NUMBER 13-99-302-CR

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI

 ___________________________________________________________________ 



REGINALD AUSTIN, Appellant, 



v.

 

THE STATE OF TEXAS, Appellee. 

___________________________________________________________________ 



On appeal from the 329th District Court

 of Wha r ton County, Texas.

 ___________________________________________________________________ 



CONCURRING OPINION

 ___________________________________________________________________ 



Before Chief Justice Seerden and Justices Dorsey and Yañez Concurring Opinion by Justice Yañez





I concur in the result reached by the majority, but write separately to clarify the application of Texas Rule of Appellate
Procedure 25.2(b)(3) and Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000), to the facts in this case. 

As the majority notes, where a defendant in a criminal action has pleaded guilty or nolo contendere and the punishment
assessed is not greater than that recommended by the prosecutor, the appellant must have permission of the trial court to
appeal the case, except on jurisdictional issues or those matters that have been raised by written motion prior to trial. Tex.
R. App. P. 25.2(b)(3). However, a plea-bargaining defendant who has failed to comply with the notice requirements of this
rule can nevertheless challenge the voluntariness of his plea on appeal. See, e.g., Marshall v. State, No. 13-99-153-CR,
2000 Tex. App. LEXIS 5427, at *6 (Tex. App.--Corpus Christi August 10, 2000, n.pet.h.) (designated for publication);
Davis v. State, 7 S.W.3d 695, 696 (Tex. App.--Houston [1st Dist.] 1999, pet. ref'd). 

Here, appellant filed a motion to suppress evidence prior to entering his guilty plea. Following the trial court's denial of the
motion, he pleaded guilty. Appellant's notice of appeal specifies that he filed a pre-trial written motion to suppress, which
was denied by the trial court. Accordingly, the notice of appeal complies with the requirements of rule 25.2(b)(3). Tex. R.
App. P. 25.2(b)(3)(B). 

The court of criminal appeals has held that "a valid plea of guilty or nolo contendere 'waives' or forfeits the right to appeal a
claim of error only when the judgment of guilt was rendered independent of, and is not supported by, the error." Young 8
S.W.3d at 667 (Tex. Crim. App. 2000). In Young, the court held that appellate courts must consider a trial court's ruling on
an appellant's motion to suppress evidence, when that ruling is the basis for the appellant's guilty plea. Id. Thus, although
appellant raises four points of error on appeal, the only claim we have jurisdiction to consider and which has not been
waived by appellant's guilty plea is his claim that the trial court abused its discretion in overruling his motion to suppress
evidence. Tex. R. App. P. 25.2(b)(3)(B); Young, 8 S.W.3d at 667. 

 

________________________ 

LINDA REYNA YAÑEZ 

Justice 



Do not publish. 

Tex. R. App. P. 47.3. 



Concurring Opinion delivered and filed this 

the 31st day of August, 2000.