NUMBER 13-99-607-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI



___________________________________________________________________


CALISTRO HERRERA, Appellant,


v.


THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 347th District Court 


of Nueces County, Texas.


___________________________________________________________________


OPINION



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Chavez




 Calistro Herrera pleaded guilty to aggravated assault and was
sentenced, in accordance with a plea agreement, to fifteen years in
prison. On appeal, he contends that his plea was involuntary because
his attorney failed to advise him of various matters. Appellant argues
that the shortcomings of his trial attorney left him inadequately
informed to evaluate the plea offer and also made him feel pressured to
plead guilty because he knew his attorney was not prepared for a
contested trial. However, because there is no record of any post-trial
hearing regarding ineffective assistance or the voluntariness of
appellant's plea, the record does not support appellant's claims on
appeal and we must affirm the judgment of the trial court.

 The State argues that we are without jurisdiction to consider this
appeal because appellant was sentenced in accordance with a plea
agreement and failed to specify in his notice of appeal that the trial court
had granted permission to appeal or that the appeal concerned either
a jurisdictional defect or a matter that was raised by a written motion
and ruled on before trial. See Tex. R. App. P. 25.2(b)(3). However, this
Court has held that a plea-bargaining defendant who has failed to
comply with this rule may nevertheless challenge the voluntariness of
his plea. See, e.g., Marshall v. State, No. 13-99-153-CR, 2000 Tex.
App. LEXIS 5427, at *6 (Tex. App.--Corpus Christi August 10, 2000, no
pet.). Therefore, while we do not have jurisdiction to consider
appellant's claims as ineffective assistance counsel, we do have
jurisdiction to consider appellant's claim that his plea was involuntary. 
Id. 

 To succeed on his claim that his plea was involuntary due to
ineffective assistance of counsel, appellant must demonstrate from the
record that (1) counsel's assistance was outside the range of
competence demanded of attorneys in criminal cases, and (2) there is
a reasonable probability that, but for counsel's errors, he would not
have pleaded guilty and would have insisted on going to trial. Ex parte
Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997); (citing Hill v.
Lockhart, 474 U.S. 52 (1985)).

 Appellant filed an unverified pro se motion for new trial wherein
he asserts that his trial counsel failed to comply with requests that he
show appellant "a copy of any and all reports and statements" from his
case. No hearing was held on this motion. On appeal, appellant
presents a long list of things appellant's counsel failed to do to prepare
for trial and assist appellant in making an informed decision about the
plea offer. However, as appellant candidly admits, no record exists to
substantiate these claims. Without such a record, appellant cannot
demonstrate that counsel's assistance was outside the range of
competence demanded of attorneys in criminal cases or that there is a
reasonable probability that, but for counsel's errors, he would not have
pleaded guilty and would have insisted on going to trial. 

 Appellant also faults his trial counsel for failing to request a
hearing on the motion for new trial. However, appellant had already
entered his plea when counsel failed to request a hearing, so this
alleged error by counsel could not have been a factor in the
voluntariness of appellant's plea. Therefore, we do not have jurisdiction
to consider this complaint.

 The judgment of the trial court is affirmed.


 MELCHOR CHAVEZ

 Justice


Do not publish.

TEX. R. APP. P. 47.3.


Opinion delivered and filed this

the 5th day of October, 2000.