NUMBER 13-00-073-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


INETT POINDEXTER
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 347th District Court


of Nueces County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Rodriguez

Opinion by Chief Justice Seerden



 Inett Poindexter, appellant, appeals from her plea of guilty,
pursuant to a plea bargain, to the charge of theft. Tex. Penal Code Ann.
§§ 31.03(a) & (e)(4)(A) (Vernon 1999). By a single issue, she challenges
the effectiveness of her appointed counsel's representation. 

 Appellant pleaded guilty to theft of property with a value in excess
of $1500, but less than $20,000 on December 21, 1999. At the plea
hearing, appellant was properly admonished and acknowledged that
her plea was entered freely and voluntarily. At the time the plea was
entered, appellant's judicial confession and stipulation to evidence were
admitted without objection. At no time during this hearing did
appellant suggest that her plea was involuntary. After accepting the
plea, the trial court found appellant guilty and sentenced her in
accordance with the plea bargain. 

 By her sole issue, appellant contends that she was denied
effective assistance of counsel when counsel failed to make an
independent investigation as to the value of the items taken. The Texas
Rules of Appellate Procedure limit our jurisdiction over appeals from
plea-bargained convictions. Rule 25.2(b)(3) provides:

 If the appeal is from a judgment rendered on the defendant's
plea of guilty or nolo contendere . . . the notice must:


 (A) specify that the appeal is for a jurisdictional
defect;

 (B) specify that the substance of the appeal was
raised by a written motion and ruled on before
trial; or

 (C) state that the trial court granted permission to
appeal.


Tex. R. App. P. 25.2(b)(3). In addition, this Court has recently joined the
majority of our sister courts in holding that the voluntariness of the plea
may be challenged on appeal, even if the appellant files only a general
notice of appeal. See Marshall v. State, 2000 Tex. App. LEXIS 5427, *6
(Tex. App.--Corpus Christi 2000, n.p.h.) (citations omitted). Thus, in
order to appeal from a plea-bargained conviction, an appellant must file
a notice of appeal which complies with rule 25.2(b)(3) or present an
argument that her plea was involuntary. 

 Here appellant has not suggested that her plea was involuntarily-made as a result of counsel's allegedly-defective performance. 
Moreover, appellant's notice of appeal does not indicate that her
allegations are jurisdictional; that they were raised by a written pre-trial
motion and ruled upon; or that the trial court has granted her
permission to appeal her conviction. Therefore, we conclude that we
are without jurisdiction to consider the merits of this appeal. See Tex.
R. App. P. 25.2(b)(3). Accordingly, this appeal is DISMISSED for want
of jurisdiction. 




 ROBERT J. SEERDEN, Chief Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 9th day of November, 2000.