Jason Earl LAWSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–00–358–CR.

Court of Appeals of Texas, Waco.

May 2, 2001.

---

Gary Lee Waite, Paris, for appellant.

Patrick C. Batchelor, Dist. Atty. for Navarro County, Corsicana, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## MEMORANDUM OPINION

VANCE, Justice.

Jason Lawson was charged with assault on a public servant. Pursuant to a plea bargain, he pled guilty and received two years in prison. The trial court's sentence did not exceed the punishment recommended by the prosecutor and agreed to by Lawson. Lawson filed a notice of appeal in which he urges that he was not mentally competent to enter a plea of guilty, *i.e.,* his plea was involuntary. We dismiss the appeal for want of jurisdiction.

### JURISDICTION

Where a defendant pleads guilty or nolo contendere with the benefit of a plea bargain agreement and the punishment assessed does not exceed the agreed punishment, a notice of appeal must comply with the extra-notice requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure. TEX.R.APP. P. 25.2(b)(3).

In such an instance, a general notice of appeal is insufficient to confer jurisdiction on a court of appeals. *Davis v. State,* 870 S.W.2d 43, 46 (Tex.Crim.App. 1994) (construing former appellate rule 40(b)(1)). If a notice of appeal does not comply with Rule 25.2(b)(3), we do not have jurisdiction over the appeal. *Tressler v. State,* 986 S.W.2d 381, 382 (Tex.App.— Waco 1999, no pet.); *Elizondo v. State,* 979 S.W.2d 823, 824 (Tex.App.—Waco 1998, no pet.).

We have held this to be true even if the appellant seeks to challenge the voluntariness of his plea. *Elizondo,* 979 S.W.2d at 824. A split of authority on this issue developed among the courts of appeals with only this court and the Fort Worth Court holding that involuntariness of the plea could not be appealed unless the appellant complied with Rule 25.2(b)(3), whereas numerous other courts of appeals held that voluntariness of the plea could still be brought without compliance with the Rule. The Court of Criminal Appeals recently affirmed the analysis used by this

court and the Fort Worth Court. *See Cooper v. State,* 45 S.W.3d 77, 79 (Tex. Crim.App.2001). In *Cooper,* the Court specifically stated that Rule 25.2(b) does not permit the voluntariness of the plea to be raised on appeal without permission of the trial court. *Id.*

Thus, to invoke this court's jurisdiction over an appeal from a negotiated plea-bargain, a notice of appeal must expressly specify that the appeal is for a jurisdictional defect, specify that the substance of the appeal was raised in writing and ruled on before trial, or state that the trial court granted permission. *Elizondo,* 979 S.W.2d at 824. Because voluntariness is neither jurisdictional nor a pretrial matter, an appellant may challenge the voluntariness of his plea-bargain only when he first obtains trial court permission and complies with Rule 25.2(b)(3). *See id.* Lawson did neither.

CONCLUSION

Lawson's notice of appeal did not comply with Rule 25.2(b)(3). Even though Lawson never requested permission to amend his notice of appeal, the time for perfecting his appeal has elapsed and this jurisdictional defect cannot now be corrected. *State v. Riewe,* 13 S.W.3d 408, 413–14 (Tex.Crim.App.2000); *Craddock v. State,* 32 S.W.3d 886 (Tex.App.—Waco 2000, no pet.). We acknowledge that we cannot utilize the procedure described in *Tressler* to allow amendment of a notice of appeal. *Tressler,* 986 S.W.2d at 382. Accordingly, we do not have jurisdiction over this appeal and dismiss it for want of jurisdiction.