Orlando **VILLANUEVA**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–96–563–CR.

Court of Appeals of Texas, Fort Worth.

June 11, 1998.

Richard S. Podgorski, Denton, for Appellant.

Bruce Isaacks, Criminal District Attorney, Moira Parro, Bruce McFarling, Assistant District Attorneys, Denton, Matthew Paul, State Prosecuting Attorney, Austin, for Appellee.

Before CAYCE, C.J., and BRIGHAM and HOLMAN, JJ.

## OPINION

PER CURIAM.

### I. INTRODUCTION

Appellant entered a negotiated guilty plea to the offense of possession of marijuana. In accordance with a plea-bargain agreement, the trial court sentenced appellant to 35 years' confinement Appellant raises one point challenging the voluntariness of his plea.

The right to appeal from a negotiated plea is limited by the rules of appellate procedure. Appellant perfected his appeal on October 11, 1996. At that time, former appellate rule 40(b)(1) was in effect.[1] That rule has since been replaced by appellate rule 25.2(b)(3). *See* TEX.R.APP. P. 25.2(b)(3). According to the court of criminal appeals, we must apply the new rules to any case pending on September 1, 1997, the effective date of the new rules, unless that application "would not be feasible or would work injustice." *See* Court of Criminal Appeals Final Approval, 60 TEX. B.J. 876 (Tex.Crim.App. Aug. 1997). Therefore, it is necessary to determine whether using new rule 25.2(b)(3) would be infeasible or would work an injustice. To make that determination, we must first address the former rule.

### II. FORMER RULE 40(b)(1)

Rule 40(b)(1) provided that:

[I]n order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

The court of criminal appeals interpreted rule 40(b)(1) in *Flowers v. State*, 935 S.W.2d 131 (Tex.Crim.App.1996). It found that a plea-bargaining defendant who failed to comply with the notice requirement of rule 40(b)(1) could nevertheless challenge (1) jurisdictional issues and (2) the voluntariness of his plea. *Id.* at 134. The court suggested that rule 40(b)(1) indirectly came from the *Helms* rule[2] and noted that *Helms* is predicated on a knowing and voluntary plea. *Id.* at 132. Therefore, the court reasoned, although rule 40(b)(1) did not mention jurisdiction, it implicitly retained *Helms*'s predicate of voluntariness. *Id.* at 133.

---

1. All references to rule 40(b)(1) are to former Texas Rule of Appellate Procedure 40(b)(1). *See* TEX.R.APP. P. 40(b)(1), 49 Tex. B.J. 565 (Tex.Crim. App.1986, revised 1997).

2. The *Helms* rule provides that a knowing and voluntary guilty plea waives all nonjurisdictional defects occurring before the plea. *See Helms v. State*, 484 S.W.2d 925, 927 (Tex.Crim.App.1972).

After *Flowers*, there were four issues a plea-bargaining defendant could appeal: (1) jurisdictional matters; (2) matters raised with trial court permission; (3) matters raised in writing and ruled on before trial; and (4) voluntariness of the original plea. While pretrial issues and matters raised with trial court permission had to be stated in the notice of appeal, jurisdictional defects and voluntariness could be raised with a general notice of appeal. Thus, if we were to apply rule 40(b)(1) we would have jurisdiction to consider appellant's claim, even though he filed a general notice of appeal.

### III. RULE 25.2(b)(3)

We think that in promulgating the new rules, the court of criminal appeals intended to partially overrule *Flowers*. The court has not eliminated the right to challenge voluntariness, but has altered the method used to invoke an appellate court's jurisdiction to consider a voluntariness claim. Rule 40(b)(1) has been renumbered and rewritten. It provides that:

> [I]f the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere . . . the notice must:
>
> (A) specify that the appeal is for a jurisdictional defect;
>
> (B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or
>
> (C) state that the trial court granted permission to appeal.

*See* TEX.R.APP. P. 25.2(b)(3).

Though the new rule covers generally the same subject matter, the language and format have been revised. The revision is, in part, for clarity. *See* John Hill Cayce, Jr. et al., *Civil Appeals in Texas: Practicing Under the New Rules of Appellate Procedure*, 49 BAYLOR L.REV. 867, 872 (1997).[3] Of the four permissible areas of appeal established in *Flowers*, three are enumerated. Significantly, the rule is absolutely silent regarding voluntariness. This omission in the new rule seems intentional. The "Notes and Comments" to rule 25.2 state that "the rule is amended to make clear that regardless of when the alleged error occurred, an appeal must be based on a jurisdictional defect or a written motion ruled on before trial, or be with the permission of the trial court." [4] TEX.R.APP. P. 25.2 cmts. Given the history of the voluntariness claim,[5] the court would have added voluntariness to the rule had it wished to retain that aspect of *Helms*.[6]

Further, in a "Statement Accompanying Approval of Revisions" to the new rules, Texas Court of Criminal Appeals Judges Baird and Overstreet unequivocally state that the proposed (now effective) rule overrules *Flowers*: "[U]nder Rule [25.2], a defendant will be precluded from raising on appeal a complaint challenging the voluntariness of the negotiated plea." *See* Statement Accompanying Approval Of Revisions To The Texas Rules of Appellate Procedure, Misc. Docket No. . . . (Tex.Crim.App. Mar. 20, 1997). We find this persuasive.

■ The plain language of the new rule is clear. To invoke this court's jurisdiction over an appeal from a negotiated-guilty plea, a notice of appeal must expressly specify that the appeal is for a jurisdictional defect, specify that the substance of the appeal was raised in writing and ruled on before trial, or state that the trial court granted permission.

---

3. Although the focus of this article is on civil appeals, the goal of clarity is common to civil and criminal cases.

4. Although notes and comments are not authority, they provide the bench and bar some indication of the rule's purpose and application.

5. *See Flowers*, 935 S.W.2d at 132–33.

6. We also note that *Helms* is a rule of waiver, while former rule 40(b)(1) is jurisdictional. *Compare Helms*, 484 S.W.2d at 927, (holding that if a plea of guilty is voluntarily and understandingly made, all non-jurisdictional defects includ-

ing claimed deprivation of federal due process are waived), *with Davis v. State*, 870 S.W.2d 43, 46 (Tex.Crim.App.1994) (holding that a general notice of appeal is insufficient to confer jurisdiction on a court of appeals to consider the trial court's ruling on a pre-trial issue). There are important differences between invoking jurisdiction and waiving the right to complain about a certain issue on appeal. Perhaps the court of criminal appeals recognized the inconsistency of *Flowers*'s reliance on *Helms*, and thus removed confusion by intentionally leaving out any reference to voluntariness.

Because voluntariness is neither jurisdictional nor a pretrial matter, an appellant may challenge the voluntariness of his plea only when he first obtains trial court permission.[7]

 In the present case, appellant does not state in his notice that he has the trial court's permission to challenge the voluntariness of his plea on appeal. Therefore, under the new rule we would not have jurisdiction to reach the merits of appellant's claim. We view that result as an injustice. Therefore, we will apply the old rule.

## IV. VOLUNTARINESS

Appellant contends that his plea was involuntary due to ineffective assistance of counsel. He asserts that counsel was ineffective in failing to file a pretrial motion to suppress and that he was not aware of the consequences of that failure.

 Even assuming that counsel was ineffective in failing to file a motion to suppress, *see Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the record shows that his plea was, in fact, voluntary. The record reveals that the trial court properly admonished appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (Vernon 1989 & Supp.1998). The trial court told appellant that he would only be able to appeal matters raised in writing and ruled on before trial. It also admonished appellant that because there were no such matters on record, he was "basically" giving up his right to appeal unless the court granted permission. Appellant acknowledged that he understood the admonishment.

Further, appellant fails to assert that he ever believed that he would be given the opportunity to appeal issues raised in a motion to suppress; he only vaguely contends that he "wasn't aware" of the consequences of not filing the motion. Because the record clearly indicates that he was aware of the

consequences of his plea, we overrule his sole point.

We affirm the judgment of the trial court.

---

**7.** The implied predicate of a voluntary plea and the substantive right to challenge voluntariness are carried forward into the new rule. The court has merely altered the method in which an appellant invokes the court's jurisdiction to address the claim. In doing so, the court has not abridged, modified, or enlarged a substantive right of a litigant, but merely modified a rule of procedure. *See* TEX. GOV'T CODE ANN. § 22.108(a) (Vernon 1988).