Steven Edward **RIGSBY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09–98–066–CR.

Court of Appeals of Texas,
Beaumont.

Submitted Oct. 6, 1998.

Decided Oct. 7, 1998.

Rehearing Overruled Nov. 5, 1998.

David M. Cook, Lufkin, for appellant.

Clyde M. Herrington, District Attorney, Lufkin, for state.

Before WALKER, C.J., and BURGESS, and STOVER, JJ.

## OPINION

PER CURIAM.

On August 21, 1992, pursuant to a plea bargain agreement, Steven Edward Rigsby entered a plea of guilty to possession of a controlled substance—cocaine. The trial court deferred adjudication and placed Rigsby on probation for a period of five years. On March 9, 1995, the State filed a motion to proceed with adjudication of guilt based on Rigsby's violation of his terms of probation. A capias was issued the same day. On February 3, 1998, the State filed an amended motion to proceed with an adjudication of guilt and a hearing was held that same day. Rigsby pled true to allegations contained in the motion. The trial court revoked Rigsby's probation, adjudicated him guilty, and sentenced him to a term of four years' confinement in the Institutional Division of the Texas Department of Criminal Justice. On appeal, Rigsby contends: (1) he did not receive a punishment hearing prior to sentencing; (2) the trial court lacked jurisdiction to hear the State's motion to proceed, since it occurred after the probationary period expired, and the State did not prove due diligence in apprehending him and bringing him before the trial court for the revocation hearing; and (3) the trial judge did not remain impartial during the revocation hearing.

We are without jurisdiction to consider Rigsby's points of error because he has failed to comply with TEX.R.APP. P. 25.2(b)(3), formerly rule 40(b)(1). A defendant who receives deferred adjudication pursuant to a negotiated plea bargain and is later adjudicated guilty must comply with the notice requirements of rule 25.2(b)(3). *See Watson v. State*, 924 S.W.2d 711, 714 (Tex.Crim.App. 1996) (applying former rule 40(b)(1)). TEX. R.APP. P. 25.2(b)(3) requires the following:

[I]f the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:

(A) specify that the appeal is for a jurisdictional defect;

(B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.

Rigsby filed a general notice of appeal; he has not specified in his notice any of the three matters set out in Rule 25.2(b)(3). Failure to do so deprives an appellate court of jurisdiction.[1] *See Watson*, 924 S.W.2d at 714; *Walker v. State*, 970 S.W.2d 27 (Tex. App.—Dallas 1997, no pet.) (applying former rule 40(b)(1)); *Hulshouser v. State*, 967 S.W.2d 866 (Tex.App.—Fort Worth 1998, pet. ref'd, untimely filed). Therefore, we dismiss the appeal for lack of jurisdiction.

APPEAL DISMISSED.

---

1. One exception to that rule, however, is voluntariness of the plea, which may be raised on a general notice of appeal. *See Flowers v. State,* 935 S.W.2d 131, 134 (Tex.Crim.App.1996) (applying former Rule 40(b)(1)).