Eric Bernard JOHNSON, Appellant,

v.

STATE of Texas, Appellee.

No. 11–98–00129–CR.

Court of Appeals of Texas, Eastland.

Oct. 29, 1998.

Rehearing Overruled Nov. 19, 1998.

Ronald Vanzura, Denton, for appellant.

Bruce Isaacks, Denton County Dist. Atty., Denton, for appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

## OPINION

ARNOT, Chief Justice.

On December 1, 1994, Eric Bernard Johnson entered a plea of guilty to the offense of aggravated robbery. Pursuant to a plea bargain agreement, the trial court deferred the adjudication of guilt, placed appellant on community supervision for 8 years, and assessed a $500 fine. On April 2, 1998, after a hearing on the State's motion to adjudicate, the trial court found that appellant violated the terms and conditions of his community supervision by failing to report as ordered and by committing the offense of mail theft on three separate occasions. The trial court then revoked his community supervision, adjudicated his guilt, and sentenced him to confinement for 25 years. We affirm.

Appellant perfected his appeal under TEX. R.APP.P. 25.2(b)(3) which provides that:

[I]f the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:

(A) specify that the appeal is for a jurisdictional defect;

(B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.

Appellant filed a general notice of appeal on May 1, 1998. We note that appellant has not amended his notice of appeal to meet the requirements of Rule 25.2(b)(3). TEX. R.APP.P. 25.2(d).

■ In his first point of error, appellant challenges the voluntariness of his plea as well as his ability to raise his claim because of an incomplete record. In *Flowers v. State*, 935 S.W.2d 131 (Tex.Cr.App.1996), the Court of Criminal Appeals held that former TEX. R.APP.P. 40(b)(1) [1] did not preclude a defendant from challenging the voluntariness of his plea and stated that voluntariness of a plea could always be challenged on appeal. In *Villanueva v. State*, 977 S.W.2d 693 (Tex. App.—Fort Worth, 1998, no pet'n), the Fort Worth Court of Appeals found that, in promulgating the new rules, the Court of Criminal Appeals intended to partially overrule *Flowers*. The Fort Worth Court stated that, because voluntariness is neither jurisdictional

---

1. Former Rule 40(b)(1) provided that:
   "[I]n order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial."

nor a pretrial matter, an appellant may only challenge the voluntariness of his plea when he first obtains permission from the trial court. We disagree with the Fort Worth Court's analysis that Rule 25.2(b)(3) partially overruled the Court of Criminal Appeals' holding in *Flowers* that voluntariness could be raised after the filing of a "general" notice of appeal, and we will address appellant's complaint on appeal. *Rigsby v. State*, 976 S.W.2d 368 (Tex.App.—Beaumont, 1998)(not yet reported).

∎ Appellant signed the trial court's written admonishments indicating that he understood the consequences of his plea. The trial court's order deferring adjudication of guilt and placing appellant on community supervision stated that the trial court admonished appellant of the consequences of his plea. At the hearing to adjudicate, appellant did not challenge the voluntariness of his plea. The record before this court reflects that appellant was properly admonished. TEX. CODE CRIM. PRO. ANN. art. 26.13(a) (Vernon 1989). The record does not support appellant's claim that his plea was involuntary. We do not reach the issue of the unavailable portion of the reporter's record. TEX.R.APP.P. 47.1. Appellant's first point of error is overruled.

∎ In his second point of error, appellant complains that the trial court erred in denying his motion for continuance prior to the hearing on the State's motion to adjudicate. However, this is not a jurisdictional complaint; and appellant has not complied with Rule 25.2(b)(3). Therefore, we cannot consider his point of error. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.