Elroy James MINIX, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–98–262CR.

Court of Appeals of Texas,
Beaumont.

Submitted April 16, 1999.

Decided April 21, 1999.

David W. Barlow, Beaumont, for appellant.

Tom Maness, Crim. Dist. Atty., Wayln G. Thompson, Asst. Crim. Dist. Atty., Beaumont, for state.

Before WALKER, C.J., BURGESS, and STOVER, JJ.

**OPINION**

DON BURGESS, Justice.

Elroy James Minix pleaded no contest to delivery of a controlled substance pursuant to a plea bargain. The trial court found Minix guilty and in accordance with the plea agreement, sentenced him to six years' confinement in the Texas Department of Criminal Justice—Institutional Division. Minix appeals contending the trial court erred in accepting his plea as he was improperly admonished. Specifically, Minix contends the trial court erroneously admonished him the fine was not to exceed $20,000 and the minimum punishment range was not less than four years' confinement. In fact, he argues, the maximum fine was $10,000 and the minimum punishment rage was not less than two years.

We first address the State's argument that we do not have jurisdiction under TEX. R. APP. P. 25.2(b)(3). The State asserts Minix's general notice of appeal is insufficient in that the trial court did not grant permission to appeal. There is a split of authority among the Courts of Appeals on this issue. *Compare Villanueva v. State*, 977 S.W.2d 693 (Tex. App.—Fort Worth 1998, no pet.)(holding the new rule partially overruled *Flowers* ); *Elizondo v. State*, 979 S.W.2d 823 (Tex. App.—Waco 1998, no pet.); and *McGinty v. State*, —— S.W.2d ——, 1998 WL 918472

(Tex.App.—Houston [1st Dist.] Dec.23, 1998, no pet. h.) (not yet released for publication); with *Session v. State*, 978 S.W.2d 289 (Tex.App.—Texarkana 1998, no pet.)(holding the right to appeal voluntariness of a plea is a fundamental right that cannot be altered by an appellate rule dealing with form and sufficiency of notice on appeal); *Johnson v. State*, 978 S.W.2d 744 (Tex.App.—Eastland 1998, no pet.); and *Moore v. State*, 1999 WL 33653 (Tex. App.—Houston [14th Dist.] Jan.28, 1999, no pet. h.)(not yet released for publication).

In support of its argument, the State notes that former Rule of Appellate Procedure 40(b)(1) did not require an appellant to seek permission of the trial court before appealing the voluntariness of a plea and cites *Flowers v. State*, 935 S.W.2d 131, 134 (Tex.Crim.App.1996). The State argues the omission of the voluntariness from the new rule indicates the Court of Criminal Appeals intended to partially overrule *Flowers*. What the State fails to recognize is that voluntariness was also omitted from the old rule. It was the *Flowers* court, not the old rule, that established voluntariness of the plea could be raised on appeal absent permission from the trial court, stating, "we conclude that a defendant's substantive right to appeal under the proviso to Art. 44.02 included the right to raise a complaint on appeal that a negotiated plea was unknowing or involuntary. Neither Rule 40(b)(1) nor this Court's interpretation of that rule may modify, enlarge, or abridge that right." *Id.* The court then noted, "appellant is entitled to have the issue of the voluntary nature of his plea addressed by the Court of Appeals because its appealability is not dependant on following Rule 40(b)(1) requirements." *Id.*

The new rule similarly makes no mention of voluntariness of the plea and the Court of Criminal Appeals has not overruled *Flowers*, explicitly or implicitly. Rather, the court has indicated the decision's continued validity. In *State v. Har-*

*dy*, 963 S.W.2d 516, 519 (Tex.Crim.App. 1997), the court recognized

> in some cases construing the rules of appellate procedure, we have indicated that this Court may not 'abridge, enlarge, or modify' a litigant's substantive rights when we repeal a statutory provision and replace it with a rule. *Davis v. State*, 870 S.W.2d 43, 45–46 (Tex.Crim. App.1994)(This Court may not, through appellate rule, enlarge appellate jurisdiction provided by former statute—nonjurisdictional defects occurring after the plea); *Lyon v. State*, 872 S.W.2d 732, 734–736 (Tex.Crim.App.1994)(same); *Flowers v. State*, 935 S.W.2d 131, 132–134 (Tex.Crim.App.1996)(This Court may not, through appellate rule, restrict appellate jurisdiction recognized under former statute—claim that plea was involuntary).

■ Therefore, in accordance with *Flowers* and *Hardy* we hold voluntariness of the plea may be raised on a general notice of appeal and find we have jurisdiction to reach the merits of Minix's claim. *See also Rigsby v. State*, 976 S.W.2d 368, 369 n. 1 (Tex.App.—Beaumont 1998, no pet.).

■ The State concedes Minix was erroneously admonished but argues he suffered no harm. TEX. CODE CRIM. PROC. ANN. art. 26.13(c) (Vernon 1989), provides that "unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court," substantial compliance by the trial court is sufficient. In the instant case, Minix did not file a motion for new trial or attempt to supplement the record in order to satisfy this burden. *See McCray v. State*, 876 S.W.2d 214, 216 (Tex.App.— Beaumont 1994, no pet.) (The trial court's improper admonishment on range of punishment did not require a *per se* finding of an involuntary plea). Accordingly, the record before this court contains no evidence Minix's plea of no contest was the product of a plea bargain to which he reasonably

would not have agreed had he been correctly admonished that his minimum punishment exposure was two years' confinement. Minix's sole issue is overruled. The judgment of the trial court is AFFIRMED.