Drachan JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–99–01157–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 2, 2000.

Dixie Lee Pritchard, Houston, for appellant.

John B. Holmes, Melinda Diane Doell, Houston, for State.

Panel consists of Justices MIRABAL, TAFT, and DUGGAN.[1]

---

1. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

## OPINION

TAFT, Justice.

Appellant argues the trial court lacked jurisdiction to adjudicate her guilt because the State had previously dismissed the case against her. We address whether we have jurisdiction to consider appellant's claim in the absence of any indication in appellant's notice of appeal that she intended to appeal a jurisdictional matter. We also address appellant's claim that the trial court lacked jurisdiction to adjudicate her guilt because the entire cause of action, rather than a previous motion to adjudicate guilt, had been dismissed. We affirm.

### Procedural History

Appellant was charged with securing execution of a document by deception. On September 4, 1992, appellant entered a plea of guilty pursuant to an agreed recommendation. The trial court deferred adjudicating appellant's guilt and assessed 10 years community supervision. The State asserted appellant violated her terms of probation, and moved to adjudicate her guilt on September 27, 1993. The State dismissed its motion during a hearing on January 10, 1994. At the hearing, the court did not revoke appellant's probation, but gave her three months to comply with the probation terms.

■ The State asserted appellant violated the conditions of her probation in its second motion to adjudicate guilt, filed on September 15, 1998. On August 30, 1999, the trial court adjudicated appellant's guilt and assessed sentence at two years in prison. On September 24, 1999, appellant timely filed a general notice of appeal. The notice did not, however: (1) specify that the appeal was for a jurisdictional defect; (2) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (3) state that the trial court granted permission to appeal. *See* Tex.R.App.P. 25.2(b)(3). In response to this Court's order, appellant filed an amended notice of appeal asserting that the trial court had given permission to appeal and that: (1) the "trial court set an appeal bond at $10,000.00, thereby granting permission to [appellant] to appeal the judgment and imposition of sentence"; and (2) appellant filed an amended notice of appeal to assert a jurisdictional defect at the trial court level. The amended notice of appeal did not avail appellant, however, because an amended notice cannot cure a jurisdictional defect in an original notice of appeal. *See State v. Riewe*, 13 S.W.3d 408, 413–14 (Tex.Crim.App.2000).

### Appellate Jurisdiction

■ Because the amended notice is of no effect, a threshold issue is whether the general notice of appeal is sufficient to give us jurisdiction to hear the instant appeal. According to rule 25.2(b)(3):

[I]f the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:

(A) specify that the appeal is for a jurisdictional defect;

(B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.

Tex.R.App.P. 25.2(b)(3). The requirements of the notice of appeal rule apply to involuntary adjudications based on original plea bargains by which defendants receive deferred adjudication. *See Watson v. State*, 924 S.W.2d 711, 714 (Tex.Crim.App.1996). This is appellant's situation. Although the plain language of rule 25.2(b)(3) ostensibly requires appellant to have stated that she was appealing jurisdictional defects in her notice of appeal, compliance with rule 25.2(b)(3) is not necessary to appeal jurisdictional defects. *Lopez v. State*, 25

S.W.3d 926, 928 (Tex.App.—Houston [1st Dist.] 2000, no pet.). Accordingly, we may address appellant's point of error.

## What Was Dismissed?

In her sole point of error, appellant contends the trial court surrendered jurisdiction to adjudicate her guilt in a subsequent judgment by dismissing cause number 636033 on January 10, 1994. Appellant also maintains that her plea of true in the second motion to adjudicate guilt is void because the trial court had no jurisdiction to hear the second motion. The State takes the position that the court dismissed only the State's Motion to Adjudicate Guilt, not the underlying case.

We have examined the Motion to Dismiss. Directly under the cause number, in a blank for designating the count, the handwritten inscription "MAG only" appears. The State asserts that this stands for "Motion to Adjudicate Guilt only." The State's position is supported by the body of the Motion to Dismiss, which checks "Other" as the reason for dismissal, explaining "Probation conditions to be complied with within 3 months." In order to further clarify, we ordered appellant to produce the record of the hearing. The record shows that the court stated its intention to hold a future hearing to determine whether appellant had met her conditions. In that context, the judge told appellant he was going to "send [her] away" to prison if she did not meet her conditions. It would not make sense for the trial court to dismiss the underlying case and still require appellant to comply with probation conditions.

Appellant relies on the introduction and ending portions of the trial court's order where the language "dismiss the ... criminal action" appears, to describe the State's requested relief and the trial court's remedy. This standard language would be the same, however, even if a particular count had been stated in the form for designating "count." In such a situation, it is only the particular portion designated of the entire cause of action that is sought to be dismissed. In other words, "criminal action" is confined to the portion of the entire cause of action indicated in the "count" portion of the document.

In this case, the State had filed a Motion to Adjudicate Guilt, which was the subject of the January 10, 1994 hearing. Based on the totality of the record, we hold the Motion to Dismiss that was signed on January 10, 1994 was directed only at the Motion to Adjudicate Guilt, resulting in appellant's remaining on deferred adjudication. Consequently, the prior dismissal did not deprive the trial court of jurisdiction to adjudicate appellant's guilt on August 30, 1999.

Accordingly, we overrule appellant's sole point of error.

## Conclusion

We affirm the judgment of the trial court.

Justice TAFT concurs for reasons stated in his dissenting opinion in *Lopez v. State*, 25 S.W.3d 926, 931–32 (Tex.App.-Houston [1st Dist.] 2000, no pet.)