**Denise Evans NORTHINGTON,
Appellant,**

v.

**The STATE of Texas.**

**No. 2–00–270–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 8, 2001.

Greg Westfall, Kearney & Westfall, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., Charles M. Mallin, Asst. Criminal Dist. Atty., Fort Worth, for appellee.

Panel D: CAYCE, C.J.; DAY and GARDNER, JJ.

## OPINION

CAYCE, Chief Justice.

Denise Evans Northington appeals from the trial court's judgment adjudicating her guilt for the offense of possession of a controlled substance, dihydrocodeinone, by fraud. We dismiss the appeal for want of jurisdiction.

On October 21, 1999, pursuant to a plea bargain agreement, appellant pleaded guilty to the offense and was placed on two years' deferred adjudication community supervision. On May 31, 2000, the State filed a petition to proceed to an adjudication of guilt, alleging appellant had violated certain conditions of her community supervision. On July 6, 2000, appellant pleaded not true to the allegations in the petition, but, after a hearing, the trial court adjudicated appellant guilty of the offense and assessed punishment at five years' imprisonment. Following the adjudication proceeding, appellant filed a motion for new trial and a general notice of appeal.

On November 1, 2000, we sent a letter to appellant's counsel directing him to submit a letter brief identifying the issues or points to be raised on appeal and explain why those issues or points warrant continuation of the appeal, notwithstanding the jurisdictional limitations of rule 25.2(b)(3) and article 42.12, section 5(b). TEX.R.APP. P. 25.2(b)(3) (providing that in an appeal from a negotiated plea, the notice must specify that the appeal is for a jurisdictional defect, that the substance of the appeal was raised by written motion and ruled on before trial, or state that the trial court granted permission to appeal); TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.2001) (providing that no appeal may be taken from trial court's decision to proceed to an adjudication of guilt). In response, appellant's counsel urges that appellant may complain of jurisdictional defects and the involuntariness of her plea. We disagree.

In *Villanueva v. State*, 977 S.W.2d 693 (Tex.App.—Fort Worth 1998, no pet.), we held:

> To invoke this court's jurisdiction over an appeal from a negotiated-guilty plea, a notice of appeal must expressly specify that the appeal is for a jurisdictional defect, specify that the substance of the appeal was raised in writing and ruled

on before trial, or state that the trial court granted permission. *Id.* at 695; *see also* Tex.R.App. P. 25.2(b)(3); *Hulshouser v. State,* 967 S.W.2d 866, 868 (Tex.App.—Fort Worth 1998, pet. ref'd, untimely filed); *Williams v. State,* 962 S.W.2d 703, 704–05 (Tex. App.—Fort Worth 1998, no pet.) (op. on PDR). We further held that these requirements must be met to challenge the voluntariness of a plea. *Villanueva,* 977 S.W.2d at 696. *But see Marshall v. State,* 28 S.W.3d 634, 637 (Tex.App.—Corpus Christi 2000, no pet.); *Perez v. State,* 28 S.W.3d 627, 632 (Tex.App.—Corpus Christi 2000, no pet.); *Lopez v. State,* 25 S.W.3d 926, 928 (Tex.App.—Houston [1st Dist.] 2000, no pet.); *Moore v. State,* 4 S.W.3d 269, 272 (Tex.App.—Houston [14th Dist.] 1999, no pet.); *Minix v. State,* 990 S.W.2d 922, 923 (Tex.App.—Beaumont 1999, pet. ref'd); *Price v. State,* 989 S.W.2d 435, 437 (Tex.App.—El Paso 1999, pet. ref'd); *Hernandez v. State,* 986 S.W.2d 817, 820 (Tex.App.—Austin 1999, pet. ref'd); *Vidaurri v. State,* 981 S.W.2d 478, 479 (Tex.App.—Amarillo 1998, pet. granted); *Johnson v. State,* 978 S.W.2d 744, 746 (Tex.App.—Eastland 1998, no pet.); *Session v. State,* 978 S.W.2d 289, 291–92 (Tex.App.—Texarkana 1998, no pet.); *Rigsby v. State,* 976 S.W.2d 368, 369 n. 1 (Tex.App.—Beaumont 1998, no pet.). Moreover, in a recent case involving a challenge to the voluntariness of an original plea, the court of criminal appeals reaffirmed that an appellant placed on deferred adjudication must appeal issues relating to the original proceeding when deferred adjudication is first imposed, and that we have no jurisdiction of an appeal raising such issues *after* adjudication. *Daniels v. State,* 30 S.W.3d 407, 408 (Tex. Crim.App.2000); *see also Manuel v. State,* 994 S.W.2d 658, 661–62 (Tex.Crim.App. 1999).

■ In the instant case, appellant's notice of appeal fails to comply with the mandatory requirements of rule 25.2(b)(3). The notice does not allege a jurisdictional defect, nor does it specify that voluntariness was either raised by written motion and ruled on before her adjudication proceeding, or that the trial court granted her permission to appeal the voluntariness of her plea. We, therefore, have no jurisdiction over her complaints.

■ Even assuming appellant's notice had complied with rule 25.2(b)(3), we would be constrained under *Daniels* to hold that we have no jurisdiction over appellant's voluntariness complaint because she did not appeal that issue when her deferred adjudication community supervision was first imposed. *See Daniels,* 30 S.W.3d at 408.

Because appellant's general notice of appeal fails to invoke the jurisdiction of this court, and because appellant alleges a complaint relating to her original deferred adjudication proceeding that she did not appeal when deferred adjudication was first imposed, we are without jurisdiction to entertain this appeal. Thus, we dismiss the appeal for want of jurisdiction.

GARDNER, J. concurs without opinion.