**David Anthony COHEN, Appellant,**

v.

**·The STATE of Texas, State.**

**No. 2–01–023–CR.**

Court of Appeals of Texas,
Fort Worth.

March 1, 2001.

---

Lauren B. Chadwick, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, and Charles M. Mallin, Assistant Criminal District Attorney and Chief of the Appellate Section, Fort Worth, for Appellee.

PANEL D: CAYCE, C.J., DAY and LIVINGSTON, JJ.

## OPINION

CAYCE, Chief Justice.

David Anthony Cohen appeals following the trial court's judgment adjudicating his guilt for the offense of aggravated sexual assault of a child younger than fourteen years of age. We dismiss the appeal for want of jurisdiction.

## Background

On August 18, 1995, pursuant to a plea bargain agreement, appellant pleaded guilty to the offense of aggravated sexual assault of a child younger than fourteen years of age, and the trial court placed him on ten years' deferred adjudication community supervision. On October 2, 2000, the State filed a petition to proceed to adjudication of guilt, alleging appellant had violated certain conditions of his community supervision. On November 27, 2000, appellant pleaded true to the allegations in the petition, and, after a hearing, the trial court adjudicated him guilty of the offense and assessed punishment at thirty-five years' confinement. Following the adjudication proceeding, appellant filed a general notice of appeal.

Upon receipt of the clerk's record, we informed appellant's counsel by letter that his notice of appeal failed to conform to the mandatory requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure, in that it does not specify the appeal is from a jurisdictional defect; that the substance of the appeal was raised by written motion and ruled on before trial; or, that the trial court granted permission to appeal.[1] Tex.R.App. P. 25.2(b)(3). We, therefore, requested appellant's counsel to identify any issues that may be raised on appeal and explain why those issues warranted continuation of the appeal.

In response to our request, appellant's counsel submitted a letter brief asserting two grounds for continuing the appeal: (1) appellant's general notice of appeal is sufficient to invoke this court's jurisdiction over a challenge to the voluntariness of appellant's plea under *Flowers v. State*, 935 S.W.2d 131, 133 (Tex.Crim.App.1996) (holding that appellant may raise involuntariness complaint under general notice of appeal by complying with former Rule 40(b)(1)); and, (2) under Rule 25.2(d) appellant may amend his notice of appeal to bring it into compliance with Rule 25.2(b)(3) before filing his appellant's brief.

## Discussion of Law

Rule 25.2, governing perfection of an appeal in a criminal case, provides in relevant part as follows:

### 25.2 Criminal Cases.

appeal may be taken from the trial court's decision to proceed to an adjudication of guilt. Tex.Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.2001).

---

1. We further informed appellant that we were concerned about our jurisdiction in this case because under article 42.12, section 5(b) of the Texas Code of Criminal Procedure, no

(a) *Perfection of Appeal.* In a criminal case, appeal is perfected by timely filing a notice of appeal. In a death-penalty case, however, it is unnecessary to file a notice of appeal.

(b) *Form and Sufficiency of Notice.*

(1) Notice must be given in writing and filed with the trial court clerk.

(2) Notice is sufficient if it shows the party's desire to appeal from the judgment or other appealable order, and, if the State is the appellant, the notice complies with Code of Criminal Procedure article 44.01.

(3) But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:

(A) specify that the appeal is for a jurisdictional defect;

(B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.

TEX.R.APP. P. 25.2.

■ In *Villanueva v. State*, 977 S.W.2d 693 (Tex.App.—Fort Worth 1998, no pet.), we held:

To invoke this court's jurisdiction over an appeal from a negotiated-guilty plea, a notice of appeal must expressly specify that the appeal is for a jurisdictional defect, specify that the substance of the appeal was raised in writing and ruled on before trial, or state that the trial court granted permission.

*Id.* at 695; *Northington v. State*, 43 S.W.3d 546, 547–48 (Tex.App.—Fort Worth 2001, no pet. h.) (quoting *Villanueva*, 977 S.W.2d at 695); *see also* TEX. R.APP.P. 25.2(b)(3); *Hulshouser v. State*, 967 S.W.2d 866, 868 (Tex.App.—Fort Worth 1998, pet. ref'd, untimely filed); *Williams v. State*, 962 S.W.2d 703, 704–05 (Tex.App.—Fort Worth 1998, no pet.) (op. on PDR). We further held that these jurisdictional requirements must be met to challenge the voluntariness of a plea. *Villanueva*, 977 S.W.2d at 696; *see also Northington*, 43 S.W.3d at 548.[2]

■ In the instant case, appellant's notice of appeal fails to comply with the jurisdictional requirements of Rule 25.2(b)(3)—it does not allege a jurisdictional defect, or specify that the substance of the appeal was raised by written motion and ruled on before his adjudication proceeding, or that the trial court granted permission to appeal. TEX.R.APP. P. 25.2(b)(3). The notice, therefore, does not confer jurisdiction on this court to consider appellant's challenge to the voluntariness of his plea. *Northington*, 43 S.W.3d at 548; *Villanueva*, 977 S.W.2d at 696.

---

2. *But see Marshall v. State*, 28 S.W.3d 634, 637 (Tex.App.—Corpus Christi 2000, no pet.); *Perez v. State*, 28 S.W.3d 627, 632 (Tex.App.—Corpus Christi 2000, no pet.); *Lopez v. State*, 25 S.W.3d 926, 928 (Tex.App.—Houston [1st Dist.] 2000, no pet.); *Moore v. State*, 4 S.W.3d 269, 272 (Tex.App.—Houston [14th Dist.] 1999, no pet.); *Minix v. State*, 990 S.W.2d 922, 923 (Tex.App.—Beaumont 1999, pet. ref'd); *Price v. State*, 989 S.W.2d 435, 437 (Tex.App.—El Paso 1999, pet. ref'd); *Hernandez v. State*, 986 S.W.2d 817, 820 (Tex.App.—Austin 1999, pet. ref'd); *Vidaurri v. State*, 981 S.W.2d 478, 479 (Tex.App.—Amarillo 1998, pet. granted); *Johnson v. State*, 978 S.W.2d 744, 746 (Tex.App.—Eastland 1998, no pet.); *Session v. State*, 978 S.W.2d 289, 291–92 (Tex. App.—Texarkana 1998, no pet.); *Rigsby v. State*, 976 S.W.2d 368, 369 n. 1 (Tex.App.—Beaumont 1998, no pet.).

■ Additionally, in a recent case involving a challenge to the voluntariness of a plea, the court of criminal appeals reaffirmed that an appellant placed on deferred adjudication must appeal issues relating to the original proceeding when deferred adjudication is first imposed, and that we have no jurisdiction over an appeal raising such issues *after* adjudication. *Daniels v. State*, 30 S.W.3d 407, 408 (Tex.Crim.App.2000); *see also Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex.Crim.App.1999). Thus, even assuming appellant's notice had complied with Rule 25.2(b)(3), we would be constrained under *Daniels* to hold that we have no jurisdiction over appellant's voluntariness complaint because he did not appeal that issue when his deferred adjudication community supervision was first imposed. *See Daniels*, 30 S.W.3d at 408.

■ Appellant contends that, under Rule 25.2(d), he may amend his notice to correct any jurisdictional defects before his brief is filed. Rule 25.2(d) provides as follows:

> (d) *Amending the Notice.* An amended notice of appeal correcting a defect or omission in an earlier filed notice may be filed in the appellate court at any time before the appellant's brief is filed. The amended notice is subject to being struck for cause on the motion of any party affected by the amended notice. After the appellant's brief is filed, the notice may be amended only on leave of

the appellate court and on such terms as the court may prescribe.

Tex.R.App. P. 25.2(d).

■ In *State v. Riewe*, 13 S.W.3d 408 (Tex.Crim.App.2000), the court of criminal appeals held that the State, as appellant, did not invoke the jurisdiction of the court of appeals by its original notice of appeal because it did not contain two statutorily required certifications that (1) the appeal was not taken for delay and (2) that the evidence suppressed by the trial court was of "substantial importance" in the case. *Id.* at 411–13.[3] The court further held that, because the original notice did not confer jurisdiction on the court of appeals, an amended notice of appeal filed by the State pursuant to Rule 25.2(d), which did contain the previously omitted certifications, could not retroactively confer jurisdiction on the court of appeals.[4] *Id.* at 413; *see also Ramirez v. State*, No. 02–00–378–CR, slip op. at 6–7, 2001 WL 173199, at *2 (Tex.App.—Fort Worth Feb.21, 2001, no pet. h.) (op. on PDR); *Happ v. State*, 958 S.W.2d 474, 475 (Tex.App.—Fort Worth 1997, no pet.). Specifically, the court said:

> It is true that Rule 25.2(d) allows an amendment to a notice of appeal. But when the Legislature granted this Court rule-making authority, it expressly provided that the rules could not abridge, enlarge or modify the substantive rights of a litigant. *And our caselaw prevents a court of appeals from using an appellate rule to create jurisdiction where*

---

3. Where the State is the appellant, both certifications are required by article 44.01 of the Texas Code of Criminal Procedure. Tex.Code Crim. Proc. Ann. art. 44.01(a)(5) (Vernon Supp. 2001); *Riewe*, 13 S.W.3d at 411–14. Compliance by the State with article 44.01 is also expressly required and referenced by current appellate Rule 25.2(b)(2). Tex.R.App. P. 25.2(b)(2).

4. Prior to adoption of Rule 25.2(d), the court of criminal appeals had similarly held that

former Rule 83 of the Texas Rules of Appellate Procedure, which generally provided for cure of defects and omissions, did not apply to cure a general notice of appeal that did not comply with former Rule 40(b)(1). Tex.R.App. P. 40(b)(1), 83 (Vernon Pamph.1997, revised 1997) (707–708 S.W.2d LII-III, LXXXI (Texas Cases)); *Jones v. State*, 796 S.W.2d 183, 187 (Tex.Crim.App.1990).

*none exists.* It does not matter which appellate rule the court of appeals attempts to use, be it former Rule 83, former Rule 2(b), or current Rule 25.2(d). *The point is that, once jurisdiction is lost, the court of appeals lacks the power to invoke any rule to thereafter obtain jurisdiction.* Even a claimed deprivation of constitutional rights cannot confer jurisdiction upon a court where none exists, anymore than parties can by agreement confer jurisdiction upon a court. *So any amendments made pursuant to Rule 25.2(d) cannot be jurisdictional amendments.*

*Riewe,* 13 S.W.3d at 413–14 (emphasis supplied) (footnotes omitted).

 According to *Riewe,* the only amendments permitted under Rule 25.2(d) are *non*-jurisdictional amendments. *Id.* The amendments appellant must make in this case are jurisdictional amendments. *See Northington,* 43 S.W.3d at 548; *Villanueva,* 977 S.W.2d at 696; *see also Davis v. State,* 870 S.W.2d 43, 46–47 (Tex.Crim. App.1994) (holding that notice requirements under former Rule 40(b)(1) are jurisdictional). Because appellant's original notice did not initially confer jurisdiction on this court, we now have no power to accept an amended notice to obtain jurisdiction retroactively. *Riewe,* 13 S.W.3d at 413–14.

### Conclusion

We hold that appellant's general notice of appeal fails to invoke the jurisdiction of this court and that we have no power to permit him to amend his notice to confer jurisdiction on this court retroactively. We further hold that we have no jurisdiction to review appellant's involuntariness complaint because it relates to his original deferred adjudication proceeding that he did not appeal when deferred adjudication was first imposed. We dismiss the appeal for want of jurisdiction.