**L.K. WILLIAMS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–00–258–CR.**

Court of Appeals of Texas,
Fort Worth.

March 8, 2001.

Westfall & Platt, Greg Westfall, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Asst. Crim. Dist. and Chief of the Appellate Section, Fort Worth, for Appellee.

Panel D: CAYCE, C.J.; DAY and LIVINGSTON, JJ.

### OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAYCE, Chief Justice.

Pursuant to Rule 50, we have reconsidered our prior opinion upon the appellant's petition for discretionary review. TEX. R.APP. P. 50. We withdraw our January 25, 2001 opinion and judgment and substitute the following.

L.K. Williams appeals from the trial court's judgment adjudicating his guilt for the offense of aggravated assault with a deadly weapon. We will dismiss the appeal for want of jurisdiction.

#### BACKGROUND

On January 3, 2000, pursuant to a plea bargain agreement, appellant pleaded guilty to the offense of aggravated assault with a deadly weapon and was placed on five years' deferred adjudication community supervision. On May 3, 2000, the

State filed a petition to proceed to an adjudication of guilt, alleging appellant had violated certain conditions of his community supervision. On July 6, 2000, after a hearing, the trial court adjudicated appellant's guilt and assessed punishment at ten years' imprisonment. Following the adjudication proceeding, appellant filed a timely motion for new trial and a general notice of appeal.

Upon receipt of the clerk's record, we informed appellant's counsel by letter that his notice of appeal failed to conform to the mandatory requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure, in that it did not specify the appeal is for a jurisdictional defect; that the substance of the appeal was raised by written motion and ruled on before trial; or, that the trial court granted permission to appeal.[1] Tex.R.App. P. 25.2(b)(3). We, therefore, requested appellant's counsel to identify any issues that may be raised on appeal and explain why those issues warranted continuation of the appeal.

In response to our request, appellant's counsel submitted a letter brief asserting two bases for continuing the appeal: (1) appellant may amend his notice under Rule 25.2(d) anytime before filing appellant's brief to complain about the trial court's failure to give appellant an opportunity to present punishment evidence, and (2) appellant's general notice of appeal is sufficient to invoke this court's jurisdiction over a challenge to the trial court's jurisdiction and the voluntariness of his plea.

---

1. We further informed appellant that we were concerned about our jurisdiction in this case because under article 42.12, section 5(b) of the Texas Code of Criminal Procedure, no appeal may be taken from the trial court's decision to proceed to an adjudication of guilt. Tex.Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.2001).

## DISCUSSION OF LAW

### Rule 25.2(b)(3)

■ The jurisdiction of this court to hear and determine the appeal of a criminal case is invoked by giving notice of appeal. *Lemmons v. State*, 818 S.W.2d 58, 60 (Tex.Crim.App.1991). The notice of appeal must be timely, in writing, and substantively correct. *State v. Riewe*, 13 S.W.3d 408, 410–13 (Tex.Crim.App.2000); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim.App.1996); *see also State v. Muller*, 829 S.W.2d 805, 812 (Tex.Crim.App.1992).

■ Rule 25.2 of the rules of appellate procedure states the substantive written requirements for notices of appeal in all criminal cases, including appeals from a judgment for deferred adjudication based on a plea bargain agreement.[2] This rule provides, in relevant part, as follows:

**25.2 Criminal Cases.**

(a) *Perfection of Appeal.* In a criminal case, appeal is perfected by timely filing a notice of appeal. In a death-penalty case, however, it is unnecessary to file a notice of appeal.

(b) *Form and Sufficiency of Notice.*

(1) Notice must be given in writing and filed with the trial court clerk.

(2) Notice is sufficient if it shows the party's desire to appeal from the judgment or other appealable order, and, if the State is the appellant, the

---

2. Tex.R.App. P. 25.2; *Salgado v. State*, 36 S.W.3d 911, 912 (Tex.App.—Houston [1st Dist.] 2001, no pet. h.) (holding that requirements of Rule 25.2 apply to notice of appeal in deferred adjudication proceeding); *Hulshouser v. State*, 967 S.W.2d 866, 868 (Tex. App.—Fort Worth 1998, pet. ref'd, untimely filed) (same); *Williams v. State*, 962 S.W.2d 703, 704–05 (Tex.App.—Fort Worth 1998, no pet.) (op. on PDR) (same).

notice complies with Code of Criminal Procedure article 44.01.

(3) But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, *the notice must:*

(A) *specify that the appeal is for a jurisdictional defect;*

(B) *specify that the substance of the appeal was raised by written motion and ruled on before trial; or*

(C) *state that the trial court granted permission to appeal.*

TEX.R.APP. P. 25.2 (emphasis supplied). A notice that substantially complies with these written requirements is sufficient to invoke our jurisdiction over an appeal. *Riley v. State,* 825 S.W.2d 699, 701 (Tex. Crim.App.1992); *Ramirez v. State,* No. 02–00–378–CR, slip op. at 8, 2001 WL 173199, at *3 (Tex.App.—Fort Worth Feb.21, 2001, no pet. h.) (op. on PDR).

In *Villanueva v. State,* 977 S.W.2d 693 (Tex.App.—Fort Worth 1998, no pet.), we held:

To invoke this court's jurisdiction over an appeal from a negotiated-guilty plea, a notice of appeal must expressly specify that the appeal is for a jurisdictional defect, specify that the substance of the appeal was raised in writing and ruled

on before trial, or state that the trial court granted permission [to appeal].

*Id.* at 695; *see also* TEX.R.APP. P. 25.2(b)(3); *Northington v. State,* 43 S.W.3d 546, 547–48 (Tex.App.—Fort Worth 2001, no pet. h.); *Cohen v. State,* 41 S.W.3d 223, 226–27 (Tex.App.—Fort Worth 2001, no pet. h.). We further held that compliance with these substantive written requirements is necessary to challenge the voluntariness of a plea. *Villanueva,* 977 S.W.2d at 696.[3]

■ Appellant's notice does not comply with the substantive requirements of Rule 25.2(b)(3). It, therefore, does not invoke our jurisdiction to hear and decide any complaint, including appellant's challenge to the voluntariness of his plea. *Id.*

Relying on *Lyon v. State,* 872 S.W.2d 732 (Tex.Crim.App.), *cert. denied,* 512 U.S. 1209, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994), appellant contends that his general notice of appeal is, nevertheless, sufficient to invoke our jurisdiction to correct a jurisdictional defect. In *Lyon,* the court of criminal appeals held that under former Rule 40(b)(1), an appellant could appeal a jurisdictional issue without the trial court's permission and without raising the issue in a pretrial motion. *Id.* at 736. Unlike Rule 25.2(b)(3), however, former Rule 40(b)(1) did not contain an express substantive requirement that the notice of appeal specify in writing that the appeal is for a jurisdictional defect. TEX.R.APP. P. 40(b)(1) (Vernon Pamph.1997, revised 1997) (707–708 S.W.2d LII–III (Texas Cases)). Thus,

---

**3.** *But see Marshall v. State,* 28 S.W.3d 634, 637 (Tex.App.—Corpus Christi 2000, no pet.); *Perez v. State,* 28 S.W.3d 627, 632 (Tex.App.—Corpus Christi 2000, no pet.); *Lopez v. State,* 25 S.W.3d 926, 928 (Tex.App.—Houston [1st Dist.] 2000, no pet.); *Moore v. State,* 4 S.W.3d 269, 272 (Tex.App.—Houston [14th Dist.] 1999, no pet.); *Minix v. State,* 990 S.W.2d 922, 923 (Tex.App.—Beaumont 1999, pet. ref'd); *Price v. State,* 989 S.W.2d 435, 437 (Tex.App.—El Paso 1999, pet. ref'd); *Hernandez v.. State,* 986 S.W.2d 817, 820 (Tex.App.—Austin 1999, pet. ref'd); *Vidaurri v. State,* 981 S.W.2d 478, 479 (Tex.App.—Amarillo 1998, pet. granted); *Johnson v. State,* 978 S.W.2d 744, 746 (Tex.App.—Eastland 1998, no pet.); *Session v. State,* 978 S.W.2d 289, 291–92 (Tex. App.—Texarkana 1998, no pet.); *Rigsby v. State,* 976 S.W.2d 368, 369 n. 1 (Tex.App.—Beaumont 1998, no pet.).

while an appellant may still raise a jurisdictional defect on appeal from a negotiated plea of guilty or nolo contendere under Rule 25.2, the notice of appeal must now specify in writing that the appeal is for that purpose. Tex.R.App. P. 25.2(b)(3). To this extent, we believe Rule 25.2(b)(3) clearly overrules *Lyon*. *Hernandez*, 986 S.W.2d at 819.[4]

■ We hold that the substantive written requirements of Rule 25.2(b)(3) must be met to invoke our jurisdiction to review complaints relating to jurisdictional defects in the trial court. Because appellant's notice of appeal does not specify in writing that the appeal is for a jurisdictional defect, state that the substance of the appeal was raised in writing and ruled on before trial, or state that permission to appeal was granted, it does not invoke our jurisdiction to consider any complaint relating to the trial court's jurisdiction.[5]

Moreover, the court of criminal appeals recently reaffirmed that a court of appeals has no jurisdiction over an appellant's post-adjudication appeal when the appellate complaint relates to the original deferred adjudication proceeding. *Daniels v. State*, 30 S.W.3d 407, 408 (Tex.Crim.App. 2000). In *Daniels*, the appellant argued that the loss of the reporter's record prevented him from examining or challenging the voluntariness of his original plea or any rulings on pretrial motions. The court of criminal appeals held:

> Pursuant to *Manuel*, the reporter's record from the original deferred adjudication proceeding is not necessary to this appeal's resolution since appellant cannot now appeal any issues relating to the original deferred adjudication proceeding. The Court of Appeals, therefore, correctly decided that it had no jurisdiction over appellant's lost reporter's record claim.

*Id.; see also Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex.Crim.App.1999).

■ If appellant in this case wanted to challenge the voluntariness of his guilty plea, or complain of a jurisdictional defect in the trial court that placed him on deferred adjudication community supervision, he was required to timely appeal those issues when deferred adjudication community supervision was first imposed. *See Northington*, 43 S.W.3d at 548; *Salgado*, 36 S.W.3d at 912; *Jones v. State*, 42 S.W.3d 143, 148–49 (Tex.App.—Amarillo 2000, no pet.). We have no jurisdiction to review those complaints now. *Daniels*, 30 S.W.3d at 408.

### Rule 25.2(d)

■ Appellant contends that, under Rule 25.2(d), he may amend his notice

---

4. *But see Johnson v. State*, 32 S.W.3d 444, 445–46 (Tex.App.—Houston [1st Dist.] 2000, pet. filed) (holding that, notwithstanding Rule 25.2(b)(3) requirements, appellate court could address jurisdictional defects); *Lopez*, 25 S.W.3d at 928 (same); *Martinez v. State*, 5 S.W.3d 722, 724–25 (Tex.App.—San Antonio 1999, no pet.) (same); *Brunson v. State*, 995 S.W.2d 709, 712 (Tex.App.—San Antonio 1999, no pet.) (op. on PDR) (same).

5. Importantly, this does not foreclose a defendant from raising jurisdictional defects for the first time on appeal. As appellant has reminded us, it is a well-settled rule that a lack of jurisdiction is fundamental error and may

be raised for the first time on appeal by the parties or by the court. *E.g., Stine v. State*, 908 S.W.2d 429, 431 (Tex.Crim.App.1995); *Martinez*, 5 S.W.3d at 725. We, however, can only correct fundamental error when we have appellate jurisdiction to do so. In the absence of a timely and substantively correct notice of appeal, we have no appellate jurisdiction to hear and decide any issue, even issues involving fundamental error. *Cf. Riewe*, 13 S.W.3d at 413 ("Even a claimed deprivation of constitutional rights cannot confer jurisdiction upon a court where none exists. . . .").

before filing his brief to assert a complaint that the trial court erred in failing to give him an opportunity to present punishment evidence. Rule 25.2(d) provides as follows:

> (d) *Amending the Notice.* An amended notice of appeal correcting a defect or omission in an earlier filed notice may be filed in the appellate court at any time before the appellant's brief is filed. The amended notice is subject to being struck for cause on the motion of any party affected by the amended notice. After the appellant's brief is filed, the notice may be amended only on leave of the appellate court and on such terms as the court may prescribe.

Tex.R.App. P. 25.2(d).

In *Riewe,* the court of criminal appeals held that the State, as appellant, did not invoke the jurisdiction of the court of appeals by its original notice of appeal, because it did not contain two statutorily required certifications that (1) the appeal was not taken for delay and (2) that the evidence suppressed by the trial court was of "substantial importance" in the case. *Id.* at 411–13.[6] The court further held that, because the original notice did not confer jurisdiction on the court of appeals, an amended notice of appeal filed by the State pursuant to Rule 25.2(d), which did contain the previously omitted certifications, could not retroactively confer jurisdiction on the court of appeals.[7] *Id.* at 413. Specifically, the court said:

> It is true that Rule 25.2(d) allows an amendment to a notice of appeal. But

when the Legislature granted this Court rule-making authority, it expressly provided that the rules could not abridge, enlarge or modify the substantive rights of a litigant. *And our caselaw prevents a court of appeals from using an appellate rule to create jurisdiction where none exists.* It does not matter which appellate rule the court of appeals attempts to use, be it former Rule 83, former Rule 2(b), or current Rule 25.2(d). *The point is that, once jurisdiction is lost, the court of appeals lacks the power to invoke any rule to thereafter obtain jurisdiction.* Even a claimed deprivation of constitutional rights cannot confer jurisdiction upon a court where none exists, anymore than parties can by agreement confer jurisdiction upon a court. *So any amendments made pursuant to Rule 25.2(d) cannot be jurisdictional amendments.*

*Id.* at 413–14 (emphasis added) (footnotes omitted).

■ According to *Riewe,* the only amendments permitted under Rule 25.2(d) are *non*-jurisdictional amendments. *Id.* The amendments appellant must make to his notice of appeal to invoke our jurisdiction over his complaint about punishment evidence are "jurisdictional amendments." *Craddock v. State,* 32 S.W.3d 886, 887 (Tex.App.—Waco 2000, no pet.) (holding that notice requirements under Rule 25.2(b)(3) are jurisdictional); *see also Davis v. State,* 870 S.W.2d 43, 46–47 (Tex.

---

6. Where the State is the appellant, both certifications are required by article 44.01 of the Texas Code of Criminal Procedure. Tex.Code Crim. Proc. Ann. art. 44.01(a)(5) (Vernon Supp. 2001); *Riewe,* 13 S.W.3d at 411–14. Compliance by the State with article 44.01 is also expressly required and referenced by current appellate Rule 25.2(b)(2). Tex.R.App. P. 25.2(b)(2).

7. Prior to adoption of Rule 25.2(d), the court of criminal appeals had similarly held that former Rule 83 of the Texas Rules of Appellate Procedure, which generally allowed a reasonable time to correct or amend any defects or irregularities in appellate procedure, did not apply to cure a general notice of appeal that did not comply with former Rule 40(b)(1). *See Jones v. State,* 796 S.W.2d 183, 186–87 (Tex.Crim.App.1990).

Crim.App.1994) (holding that notice requirements under former Rule 40(b)(1) are jurisdictional). Because appellant's original notice does not confer jurisdiction on this court to consider his complaint, we have no power to accept an amended notice to obtain jurisdiction retroactively. *See Riewe,* 13 S.W.3d at 413–14; *Cohen,* 41 S.W.3d at 227; *Salgado,* 36 S.W.3d at 912; *Craddock,* 32 S.W.3d at 887; *Robinson v. State,* 24 S.W.3d 438, 439 (Tex.App.—Houston [1st Dist.] 2000, pet. ref'd); *Happ v. State,* 958 S.W.2d 474, 475 (Tex.App.—Fort Worth 1997, no pet.).

### CONCLUSION

Appellant's general notice of appeal fails to confer jurisdiction on this court, and his attempt to raise by this appeal complaints relating to his original deferred adjudication proceeding is untimely. We, therefore, must dismiss the appeal for want of jurisdiction.