In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-081 CR


NO. 09-01-082 CR


____________________



AUBREY CALVIN HOOPER PEARSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause Nos. 81,938 & 81,939






O P I N I O N


 Aubrey Calvin Hooper Pearson pleaded nolo contendere to two counts of indecency
with a child pursuant to a plea bargain. In accordance with the agreement, Pearson was
fined $1,000 for each count, adjudication was deferred, and he was placed under
community supervision for a term of eight years. Pearson filed a motion for new trial in
each cause, claiming his plea was involuntary. The trial court denied the motions. 
Pearson appeals contending the trial court abused its discretion in denying the motions for
new trial.

 Both amended notices of appeal fail to comply with Tex. R. App. P. 25.2(b)(3),
which provides:

 (b) Form and Sufficiency of Notice.


 (3) But if the appeal is from a judgment rendered on the defendant's
plea of guilty or nolo contendere under Code of Criminal Procedure article
1.15, and the punishment assessed did not exceed the punishment
recommended by the prosecutor and agreed to by the defendant, the notice
must:

 (A) specify that the appeal is for a jurisdictional defect;

 (B) specify that the substance of the appeal was raised by
written motion and ruled on before trial; or

 (C) state that the trial court granted permission to appeal.


Pearson has not specified in either notice any of the three matters set out in Rule
25.2(b)(3). Consequently, we are deprived of jurisdiction and must dismiss the appeal for
lack of jurisdiction. See Rigsby v. State, 976 S.W.2d 368, 369 (Tex. App.--Beaumont
1998, no pet.), and Cooper v. State, 45 S.W.3d 77 (Tex. Crim. App. 2001). (1) 

 APPEAL DISMISSED.

 PER CURIAM

Submitted on February 14, 2002 

Opinion Delivered March 13, 2002

Do not publish


Before Walker, C.J., Burgess, and Gaultney, JJ.
1. We note that under the recent decision of Donovan v. State, No. 1310-00, 2002
WL 122647 (Tex. Crim. App. Jan. 30, 2002), the trial court does not have the authority
to consider a motion for new trial before adjudication.