IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00046-CV

 

Roy D. Mitchell,

                                                                                    Appellant

 v.

 

Wells Fargo Bank,

                                                                                    Appellee

 

 



From the County Court at Law

Ellis County, Texas

Trial Court No. 07C3984

 



MEMORANDUM  Opinion










 

            Roy D. Mitchell appealed the trial
court’s judgment in favor of Wells Fargo Bank in Wells Fargo’s action for
forcible detainer.  This Court affirmed the trial court’s judgment on September 3, 2008.  Mitchell petitioned the Texas Supreme Court for review which dismissed
the petition.  This Court’s mandate in that appeal then issued on August 18, 2009.

            Mitchell has now attempted to appeal
further proceedings he initiated in the trial court regarding the same suit by
Wells Fargo.  In a letter dated February 5, 2010, the Clerk of this Court warned Mitchell that the appeal was subject to dismissal because it appeared
the action of the trial court was not appealable.  The Clerk also warned
Mitchell that unless a response was filed showing grounds for continuing the
appeal, the appeal would be dismissed.  Mitchell has not responded to the
Clerk’s letter.

            Accordingly, this appeal is
dismissed.  Tex. R. App. P. 42.3.

            Further, absent a specific exemption,
the Clerk of the Court must collect filing fees at the time a document is
presented for filing.  Tex. R. App. P.
12.1(b); Appendix to Tex. R. App. P., Order Regarding Fees
(Amended Aug. 28, 2007, eff. Sept. 1, 2007).  See also Tex. R. App. P. 5; 10th
Tex. App. (Waco) Loc. R. 5; Tex.
Gov’t Code Ann. § 51.207(b); § 51.941(a) (Vernon 2005); and § 51.208 (Vernon Supp. 2009).  Under these circumstances, we suspend the rule and order the Clerk to
write off all unpaid filing fees in this case.  Tex. R. App. P. 2.  The write-off of the fees from the
accounts receivable of the Court in no way eliminates or reduces the fees owed
by Mitchell.

 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Appeal
dismissed 

Opinion
delivered and filed March 10, 2010

[CV06]






t-size: 14pt">                                                                                                                

      Appellant Juan S. Dominguez pleaded guilty to two charges of felony DWI. See Tex. Penal
Code Ann. § 49.09(b) (Vernon Supp. 1998). In exchange for his pleas, the State recommended
that Dominguez receive three years’ imprisonment and a $1,000 fine in each case to run
concurrently. The State took no position on Dominguez’s application for community supervision. 
The court rejected Dominguez’s request for community supervision and assessed his punishment
at three years’ confinement and a $1,000 fine in each case pursuant to the State’s plea
recommendation. Dominguez filed general notices of appeal in each case asserting that his pleas
were involuntary because he expected to receive community supervision.
      To properly invoke the jurisdiction of this Court over an appeal from a negotiated guilty plea,
an appellant must comply with Rule 25.2(b)(3) of the appellate rules, even when challenging the
voluntariness of his plea.


 Elizondo v. State, No. 10-98-178-CR, slip op. at 3-4, 1998 WL
784021, at *2 (Tex. App—Waco Nov. 12, 1998, no pet. h.); Villanueva v. State, No. 02-96-563-CR, slip op. at 5-6, 1998 WL 304336, at *2 (Tex. App.—Fort Worth June 11, 1998, no pet.);
contra Rigsby v. State, 976 S.W.2d 368, 369 n. 1 (Tex. App.—Beaumont 1998, no pet. h.);
Session v. State, No. 06-98-109-CR, 1998 WL 598405, at *2 (Tex. App.—Texarkana Sept. 11,
1998, no pet.) (both holding compliance with Rule 25.2(b)(3) unnecessary when voluntariness of
plea is challenged).
      Rule 25.2(b)(3) provides that in cases where a defendant has pleaded guilty or nolo contendere
and the punishment assessed does not exceed the punishment recommended by the prosecutor and
agreed to by the defendant, the defendant’s notice of appeal must:
(a) specify that the appeal is for a jurisdictional defect;
 
(b) specify that the substance of the appeal was raised by written motion and ruled on
before trial; or
 
(c) state that the trial court granted permission to appeal.

Tex. R. App. P. 25.2(b)(3).
      Dominguez’s general notices of appeal do not contain any of these three required recitations. 
Thus, they do not comply with Rule 25.2(b)(3). For this reason, we do not have jurisdiction over
these appeals. Accordingly, we dismiss Dominguez’s appeals.
 
                                                                               PER CURIAM
Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Appeals dismissed
Opinion delivered and filed December 9, 1998
Do not publish